727 So.2d 1131 (1999)
FLORIDA SELECT INSURANCE COMPANY, Appellant,
v.
Robert Greg KEELEAN, Appellee.
No. 98-02466.
District Court of Appeal of Florida, Second District.
March 17, 1999.
Larry I. Gramovot and Kenneth S. Takacs, Jr., of Shofi, Hennen & Gramovot, P.A., Tampa, for Appellant.
David B. Krouk of Piper, Esteva, Green, Karvonen & Lewis, St. Petersburg, for Appellee.
NORTHCUTT, Judge.
Florida Select Insurance Company challenges the circuit court's nonfinal order denying its request for an appraisal pursuant to the terms of a policy it issued to Robert Keelean. It also contends the court erred in denying its motion for a stay pending the result of the appraisal. We have jurisdiction to review this order under Florida Rule of Appellate Procedure 9.130(a)(3)(c)(v), which permits interlocutory review of orders that determine "the entitlement of a party to arbitration." The appraisal clause in Florida Select's insurance policy is a binding arbitration agreement. See Florida Farm Bureau Cas. Ins. Co. v. Sheaffer, 687 So.2d 1331 (Fla. 1st DCA), review denied, 697 So.2d 510 (Fla. 1997); State Farm Fire & Cas. Co. v. Middleton, 648 So.2d 1200 (Fla. 3d DCA 1995). We reverse and remand to the circuit court for further proceedings.
Keelean purchased a condominium unit owner's insurance policy from Florida Select. He leased the unit to a tenant, who purportedly vandalized the property on April 15, 1997. It is unclear when Keelean notified Florida Select of the damage, but, on July 14, 1997, Florida Select informed him that he had failed to comply with conditions in the policy in that, among other things, he failed to give prompt notice of the loss. Florida Select stated it would investigate the loss, but that it was not waiving any of the policy's *1132 terms and conditions, or any defenses under the policy.
Keelean gave the insurance company a videotape showing the damage to the condominium unit. On August 15, 1997, Florida Select informed him that its independent analysis of the videotape showed the damage had been caused by normal wear and tear, not vandalism. Florida Select declined to pay Keelean's claim based on his purported failure to comply with policy conditions and the fact that loss from wear and tear was not covered. Keelean disagreed with the insurer's assessment, and demanded payment for his claim. Florida Select rejected his demand and offered to mediate the matter pursuant to section 627.7015, Florida Statutes (1995), and Rule 4-166.031 of the Florida Administrative Code.
When Keelean declined to mediate the dispute, Florida Select invoked the appraisal provision in its policy.[1] It told Keelean it would await his choice of an appraiser and would give him the name of Florida Select's appraiser within twenty days. Keelean provided the name of his chosen appraiser, but conditioned his participation in the appraisal process on Florida Select's waiving its right to contest coverage based on Keelean's purported failure to comply with policy conditions. Florida Select then identified its appraiser, but stated it would not waive its right to contest coverage under the policy.
The appraisal process ended when Keelean filed suit against Florida Select for a declaratory judgment and for breach of contract. Florida Select responded by filing a motion to stay the action, motion to compel appraisal and motion for enlargement of time to answer the complaint. It contended that appraisal clauses in insurance policies are treated as arbitration agreements, and that Florida law favors resolution of conflicts through arbitration. It also asserted that the retained rights clause in the insurance policy[2] permitted it to participate in the appraisal process while reserving its rights to have the court resolve any coverage issues. The court denied Florida Select's motions.
As Florida Select pointed out, arbitration agreements are a favored means of dispute resolution. In order to stay arbitration, a party must raise an issue "as to the making of the agreement," or assert that no agreement exists. See § 682.03(1), (4), Fla. Stat. (1995). When faced with a motion to compel arbitration under section 682.03, a trial court is limited to considering whether (1) the agreement contains a valid arbitration clause, (2) an arbitrable issue exists, and (3) the right to arbitration has been waived. See Stinson-Head, Inc. v. City of Sanibel, 661 So.2d 119, 120 (Fla. 2d DCA 1995). No one disputes that the insurance policy contained a valid arbitration clause, thus, prong one has been met.
We will first address the dispute over prong three. Keelean contends that Florida Select has waived its right under the appraisal clause because it continued to assert defenses to coverage. We disagree. We find support for our position in two recent cases, State Farm Fire and Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996), and Paradise Plaza Condominium Ass'n v. Reinsurance Corp. of New York, 685 So.2d 937 (Fla. 3d *1133 DCA 1996). Neither of these cases addressed the exact issue presented here, but both determined that an appraisal clause is not void for lack of mutuality simply because the insurance policy also contains a retained rights clause. As the Licea court explained, the purpose of an appraisal clause is to determine the amount of a loss. 685 So.2d at 1288. A challenge to coverage is one for a court to resolve. If, after the appraisers determine the amount of the loss, the court finds that the loss is covered, the insurer is bound to pay the amount the appraisers awarded. Id. at 1287. The Licea court held that "where there is a demand for an appraisal under the policy, the only `defenses' which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole or that there has been a violation of the usual policy conditions such as fraud, lack of notice, and failure to cooperate." Id. at 1288.
The Licea holding clearly implies that an insurance company can both demand an appraisal under the policy and assert certain defenses. Florida Select's defense in this case is one of the "usual policy conditions," that is, failure to promptly notify the carrier of the loss. Accordingly, we hold that its assertion of a coverage defense did not waive its right to demand appraisal. We also point out that the Paradise Plaza court addressed the converse issue, whether the insurer's assertion of the right to appraisal waived its coverage defenses. In determining that no waiver existed, the Third District specifically rejected the First District's reasoning in Scottsdale Insurance Co. v. Desalvo, 666 So.2d 944 (Fla. 1st DCA 1995). The Scottsdale court held that when an insured demands arbitration, the insurance company may raise coverage defenses, but when the insurer seeks arbitration, it waives them. We find the Third District's reasoning more persuasive, and align ourselves with Paradise Plaza.
Now that we have determined that Florida Select has not waived its right to seek appraisal, we must decide whether an arbitrable issue exists. As we pointed out above, the issue of the amount of the loss is clearly subject to arbitration. The Licea court noted that an assessment of the amount of loss "necessarily includes determination as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." 685 So.2d at 1288. Florida Select has raised an arbitrable issue.
Keelean has failed to assert any grounds that would block arbitration. See Stinson-Head. We reverse the circuit court's order denying Florida Select's motion to compel appraisal, and remand for entry of an order requiring the parties to submit to an appraisal as required under the policy. We note that the court also denied Florida Select's motion to stay the lawsuit pending appraisal. We presume the court did so because it denied the motion to compel. The court has the discretion to decide the order in which the issues of damages and coverage are determined by arbitration and by the court, respectively. Because we have ruled that the appraisal should go forward, the court may wish to reconsider its denial of Florida Select's motion to stay. See Paradise Plaza, 685 So.2d at 941 (discussing pros and cons of holding arbitration before determining coverage).
Reversed and remanded.
CAMPBELL, A.C.J., and BLUE, J., Concur.
NOTES
[1] The "appraisal clause" stated:

6. Mediation or Appraisal. If you and we fail to agree on the amount of loss, either may: a. Demand an appraisal of the loss. In this event, each party will choose a competent appraiser within twenty (20) days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within fifteen (15) days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss.
Each party will:
(1) Pay its own appraiser; and
(2) Bear the other expenses of the appraisal and umpire equally.
* * *
[2] The "retained rights" clause provided:

4. Waiver or Change of Policy Provisions
A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.