751 So.2d 758 (2000)
Michael N. OPAR and Carolyn K. Opar, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 1D99-182.
District Court of Appeal of Florida, First District.
March 1, 2000.
Corinne L. Heller of Baker & Duke, P.A., Pensacola, for Appellants.
Charles F. Beall, Jr., of Moore, Hill, Westmoreland, Hook & Bolton, P.A., Pensacola, for Appellee.

ON MOTION FOR CLARIFICATION
ERVIN, J.
We grant appellee Allstate Insurance Company's motion to clarify this court's opinion of December 1, 1999, to the extent *759 we withdraw our previously issued decision and substitute therefor the following opinion.
The issue before us is whether an insurer must comply with an appraisal provision in an insurance policy which requires forced appraisals for disputes involving the "amount of loss," once the insurer asserts that the insured's loss is not covered under the policy, and the insured contends the loss is covered in whole or in part and demands an appraisal. We answer that the insurer must submit to the appraisal process.
Appellants, Michael N. Opar and Carolyn K. Opar, obtained an insurance policy covering their property located on Beach Drive West in Destin from appellee Allstate Insurance Company in early 1995. On October 4, 1995, Hurricane Opal struck northwest Florida and the Opars' beach front residence was destroyed. Allstate denied the Opars' claim for loss on the ground that the damage was caused by storm surge, a loss not covered under the policy. In support of its position, Allstate referred to the contract provision pertaining to "Losses We Do Not Cover," which disallows coverage for "loss or damage to property ... resulting directly or indirectly from: 1. Water, meaning: a) flood, surface water, waves, tidal water, or overflow or any body of water, or spray from any of these, whether or not driven by wind."
The Opars replied that their property was damaged in full or in part by windstorm, i.e., Hurricane Opal, which is a covered peril. They made a formal demand for appraisal under the terms of the insurance policy. After Allstate refused, the insureds filed a complaint for declaratory relief, seeking an order declaring their right to an appraisal.[1]
The appraisal clause in question provides as follows:

7. Appraisal
If you and we fail to agree on the amount of loss, either party may make a written demand for appraisal. Upon such demand, each party must select a competent and disinterested appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree on an umpire within 15 days, you or we may ask a judge of a court of record in the state where the residence premises is located to select an umpire.
The appraisers will then determine the amount of loss, stating separately the actual cash value and amount of loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award by any two will determine the amount of loss.
Each party will pay the appraiser it chooses and equally bear expenses for the umpire and all other appraisal expenses.
The trial court found nothing in the record indicating that there was a disagreement regarding the amount of loss, and, because the clause requires a forced appraisal only if there is a dispute as to the "amount of loss," it determined that the appraisal clause was not implicated until it was first decided whether the loss was covered. The court thereupon granted Allstate's motion for summary judgment in the suit for declaratory relief.
The parties do not dispute the enforceability of the appraisal provision; in fact, they are in agreement regarding the basic law governing appraisal clauses, i.e., that appraisal provisions are considered binding arbitration agreements. See Florida Farm Bureau Cas. Ins. Co. v. Sheaffer, 687 So.2d 1331, 1333 (Fla. 1st DCA 1997); Transamerica Ins. Co. v. Weed, 420 So.2d 370, 371 n. 1 (Fla. 1st *760 DCA 1982); Gray Mart, Inc. v. Fireman's Fund Ins. Co., 703 So.2d 1170, 1172 (Fla. 3d DCA 1997). Such appraisals, moreover, are considered conditions precedent to an insured's right to maintain suit on the insurance contract. New Amsterdam Cas. Co. v. J.H. Blackshear, Inc., 116 Fla. 289, 156 So. 695, 696 (1934); Sheaffer, 687 So.2d at 1333; Weed, 420 So.2d at 371. The parties further agree that if there is a binding appraisal provision, it is enforceable to determine disputes as to the amount of loss. Nevertheless, the rule is also well established that the appraisal process cannot be used to determine coverage issues, which are judicial determinations. State Farm Fire & Cas. Co. v. Licea, 685 So.2d 1285, 1287 (Fla.1996); Sheaffer, 687 So.2d at 1334.
Under the circumstances at bar, we conclude that Allstate must comply with the appraisal provision before a determination is made regarding whether an uncovered peril, storm surge, or a covered peril, windstorm, damaged the Opars' property. Florida Select Insurance Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999), and Paradise Plaza Condominium Ass'n, Inc. v. Reinsurance Corp. of N.Y., 685 So.2d 937 (Fla. 3d DCA 1996), an en banc decision of the Third District, both direct compliance with appraisal provisions.
The facts in Keelean are very similar to those before us. There, an action was brought for damage to a condominium unit. The insured maintained that the tenant had vandalized the property, which was a covered peril, while the insurer asserted that the damage was due to normal wear-and-tear, a peril that was not covered. The insured refused to participate in the appraisal process unless the insurer waived its right to contest coverage under the policy. The appraisal mechanism was terminated by the insured's filing suit against the insurer for declaratory judgment and breach of contract. The insurer moved to stay the action and to compel appraisal, but those motions were denied. In reversing the trial court's rulings on the motions, the Second District observed that arbitration agreements are a favored means of dispute resolution and that the only defense available is that the agreement is invalid or that no agreement existed. Thus, the court's review was limited to determining if the trial court had properly considered whether the arbitration clause was valid, an arbitrable issue existed, and the right to arbitration had been waived. Keelean, 727 So.2d at 1132. Having found all the above conditions satisfied, the Second District reversed and remanded for entry of an order requiring the parties to submit to an appraisal as required under the terms of the policy.
Paradise Plaza Condominium Ass'n involved the question of whether the insurer's reservation of a right to contest coverage rendered the damage appraisal clause in the insurance policy void for lack of mutuality. In deciding that it did not, the Third District considered the insured's argument that the trial court erroneously ordered appraisal to proceed before determining any coverage issue. In rejecting that argument, the court noted that the parties had specifically agreed to the appraisal costs as a necessary part of the claim process. The court also reasoned that a rule requiring coverage questions to be resolved before arbitration might have adverse effects on the expeditious, out-of-court disposition of litigation, which would be contrary to the very reason that arbitration is a favored method of dispute resolution. Moreover, the court suggested that a "coverage first" rule might inefficiently require insurers to litigate even tenuous coverage defenses because of an unavoidable uncertainty as to their ultimate exposure. Paradise Plaza, 685 So.2d at 941.[2]
*761 Based upon the above case law, we conclude that the trial court erred as a matter of law by failing to require the parties to proceed with the appraisal procedure. As explained in Keelean, the trial court's duty was to determine whether there was an enforceable agreement, an arbitrable issue, and an absence of waiver. Here, the parties agree an enforceable appraisal provision exists; there is no showing of waiver; and an arbitrable issue is present in that the insureds contend that damage was caused, in whole or in part, by windstorm, a covered peril. The order granting Allstate's summary judgment is therefore reversed.
In so deciding, we have considered Allstate's reliance on New Amsterdam Casualty Co. v. J.H. Blackshear Inc., 116 Fla. 289, 156 So. 695, 696 (1934), wherein the supreme court stated that "the law does not require the insured to submit to a purely speculative appraisal of damages as to which it may be contended no liability at all exists." We find Blackshear distinguishable because it involved an insurer which had apparently denied coverage but later requested an appraisal. In a case in which the insurer is the party demanding the appraisal, the insured is protected only if the insurer admits some liability for the loss. Contrast that situation with one in which the insured requests the appraisal: the insurer is protected by the limitation of the appraisal to the amount of loss and by the rule that only courts may determine coverage issues. Although the insurer at bar will incur the cost of the appraisal even though its liability is still at issue, by virtue of the policy provision, it has agreed to the appraisal process as part of the claim proceeding. See Paradise Plaza, 685 So.2d at 941. Moreover, it has not sustained an underlying loss, as has the insured.
We have also considered the Opars' argument that the appraisal process should address both the amount of loss and its cause, an argument based upon the following language appearing in State Farm Fire & Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996):
We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.
Id. at 1288. This language was also quoted in part in Keelean, 727 So.2d at 1133.
Although this language could arguably support the Opars' position that the appraisals may determine the cause of the damage, the Licea court also reiterated the long-established rule that "[a] challenge of coverage is exclusively a judicial question...." Licea, 685 So.2d at 1287 (quoting Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665, 667 (Fla.1973)). Moreover, we note that agreements to arbitrate are only binding as to the issues submitted to arbitration. See Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 280 (Fla. 1988). Here, the insurance policy provides that the only issue to be resolved by the appraisal process is the amount of loss. If the trial court determines, when the case is fully tried on its merits, that the damage was caused by a covered peril, windstorm, then Allstate will be bound immediately by the amount ascertained by appraisal. See Licea, 685 So.2d at 1285 (approving and quoting from Judge Cope's dissent in American Reliance Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106, 109 (Fla. 3d DCA 1994)). If, on the other hand, a coverage defense is determined successful in whole or in part, then Allstate would either not be liable, or would be liable only in part for the amount. See, e.g., Montalvo v. Travelers Indem. Co., 643 So.2d 648 (Fla. 5th DCA 1994) (insurer liable for only 50 percent of amount determined through arbitration by virtue of policy limits provision).
*762 REVERSED and REMANDED for the entry of an order directing the parties to proceed with the appraisal means afforded by the insurance policy.
LAWRENCE and PADOVANO, JJ., CONCUR.
NOTES
[1] The Opars also filed a separate action for breach of contract.
[2] See also Hanover Fire Insurance Co. v. Lewis, 28 Fla. 209, 10 So. 297 (1891), wherein the court found that an arbitration award on the amount of damage was binding on the parties in the subsequent litigation which addressed coverage.