805 So.2d 814 (2000)
Mariano R. GONZALEZ and Rene Gonzalez, Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, Appellee.
No. 3D00-185.
District Court of Appeal of Florida, Third District.
November 8, 2000.
*815 Mariano R. Gonzalez, for appellants.
Adorno & Zeder, P.A., and William S. Berk; Hardeman & Suarez, P.A., and Richard A. Warren, for appellee.
Before JORGENSON, COPE and RAMIREZ, JJ.
COPE, J.
This is an appeal by homeowners Mariano R. Gonzalez and Rene Gonzalez after an appraisal award of zero in their claim against their homeowner's insurance policy. We conclude that the appraisers impermissibly decided whether the entire claim was within the coverage of the insurance policy. We therefore reverse the final judgment in favor of State Farm Fire and Casualty Company.

I.
The homeowners submitted a claim to State Farm under their homeowner's insurance policy, asserting that blasting in the vicinity of their home had caused cracks in the walls and tiles. The insurance policy would provide coverage if blasting were the cause of damage to the home.
State Farm investigated and denied the claim. State Farm said that based on its engineer's report, the cracking was attributable to minor settling of the foundation, not blasting. Since settlement of the foundation fell within a policy exclusion, State Farm denied coverage.
The homeowners filed suit and State Farm demanded appraisal.[1] Relying on State Farm Fire and Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996), State Farm argued that the appraisers were allowed to decide whether this entire claim was within, or outside, the policy coverage. The trial court agreed, ruling that the "[a]ppraiser[s] should give an opinion as to causation and damages."
State Farm's appraiser and the umpire decided that the entire loss was caused by settling of the foundation, not blasting, and entered an award for zero. The trial court confirmed the award, entering final judgment in favor of State Farm. The homeowners have appealed.

II.
The appraisal clause in the insurance policy provides, "If you [the insured] and we [the insurer] fail to agree on the *816 amount of loss, either one can demand that the amount of the loss be set by appraisal.... Written agreement signed by any two of these three [appraisers] shall set the amount of the loss." (Emphasis added).
Construing a similar appraisal clause, the Florida Supreme Court has said:
"A challenge of coverage is exclusively a judicial question ...." If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties.
Thus, where there is a demand for an appraisal under the policy, the only "defenses" which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole or that there has been a violation of the usual policy conditions such as fraud, lack of notice, and failure to cooperate. We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.
State Farm Fire and Casualty Co. v. Licea, 685 So.2d at 1287-88 (Fla.1996) (citation omitted; some emphasis in original, some emphasis added).
In this case, State Farm's defense to the claim is that there is "no coverage under the policy for the loss as a whole...." Id. Thus, under Licea, the question whether this loss was caused by blasting (a covered peril) or settlement of the foundation (an excluded peril) is for the court, not the appraisers.
State Farm points to the final quoted sentence from Licea, which states that appraisal "necessarily includes determinations as to ... whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." Id. State Farm argues that under Licea, the appraisers in this case were allowed to determine that the cause of the cracking was settling of the foundation and, based on that finding, return an award for zero.
The problem is that State Farm is reading the quoted sentence out of context. Earlier the Licea court explained that a challenge of coverage is a judicial question, and that among the "`defenses' which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole...." Id. That is the situation here. Since State Farm's position is that this entire loss falls within a policy exclusion, this defense is a judicial question and not a question for the appraisers.
The Licea case involved a Hurricane Andrew claim. See id. at 1286. Plainly there was coverage for hurricane damage under the homeowner's policy. There was no attempt in Licea to deny coverage for the loss as a whole, but "there was a dispute as to the amount of damage." Id.
Very simply, the Licea court was saying that when the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid. In that circumstance, the appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. See id. at 1288. In doing so, they are to exclude payment for "a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." Id.
*817 Thus, in the Licea situation, if the homeowner's insurance policy provides coverage for windstorm damage to the roof, but does not provide coverage for dry rot, the appraisers are to inspect the roof and arrive at a fair value for the windstorm damage, while excluding payment for the repairs required by preexisting dry rot.
In the present case (unlike Licea) State Farm says that there is no coverage for the claim whatsoever, while the homeowners say that the claim falls within an applicable coverage. Whether the claim is covered by the policy is a judicial question, not a question for the appraisers. See id. at 1287-88; Opar v. Allstate Ins. Co., 751 So.2d 758 (Fla. 1st DCA 2000), review denied, No. SC00-545, 767 So.2d 459 (Fla. July 13, 2000)[2]; Florida Farm Bureau Cas. Ins. Co. v. Sheaffer, 687 So.2d 1331, 1334 (Fla. 1st DCA 1997); see also United States Fidelity & Guar. Co. v. Romay, 744 So.2d 467, 469-70 (Fla. 3d DCA 1999) (en banc); Atencio v. U.S. Sec. Ins. Co., 676 So.2d 489 (Fla. 3d DCA 1996).[3]
The judgment confirming the appraisal award must be reversed and the cause remanded for further proceedings.

III.
The homeowners argue that State Farm waived its right to appraisal because State Farm did not request appraisal prior to the homeowners' filing of the lawsuit. That argument is without merit. This policy allows appraisal if it is requested. See supra note 1. Nothing in the insurance policy or the law mandates presuit appraisal. See supra note 2. State Farm had denied coverage. It would make no sense to say that State Farm was required to request a presuit appraisal on a loss it had already refused to pay.
The homeowners also argue that State Farm waived the right to appraisal by participating in the litigation filed by the homeowners. This contention is equally without merit.
The homeowners filed suit. State Farm promptly answered and in the answer, demanded appraisal. This was done within thirty days of the filing of the lawsuit. The appraisal demand was timely.
The cases relied on by the homeowners are readily distinguishable. In Gray Mart, Inc. v. Fireman's Fund Ins. Co., 703 So.2d 1170 (Fla. 3d DCA 1997), the insurer litigated the entire insurance claim for fourteen months, through and including decision of a motion for summary judgment, before the insurer requested appraisal. On those facts, this court found waiver of the right to appraisal, where there had been unreasonable delay and prejudice to the insured. See id. at 1173.
Likewise in Shoma Dev. Corp. v. Rodriguez, 730 So.2d 838 (Fla. 3d DCA 1999), *818 the parties engaged in litigation and discovery for seven months, before one of the parties invoked the arbitration clause. This court held that there had been a waiver of the right to arbitration, given the delay and a determination of prejudice to the opposing party. See id. at 839.
There is no basis for a claim of waiver here, where the appraisal clause was invoked at the start of the litigation.

IV.
The final judgment is reversed and the cause remanded for further proceedings consistent herewith.[4]
We certify direct conflict with Nationwide Mutual Ins. Co. v. Johnson, 774 So.2d 779 (Fla. 2d DCA 2000).
NOTES
[1] The appraisal clause states:

6. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appriasers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.
[2] Although immaterial here, we disagree with that part of Opar which states, "Such appraisals, moreover, are considered conditions precedent to an insured's right to maintain suit on the insurance contract." 751 So.2d at 760 (citations omitted). Whether appraisal is a condition precedent to the bringing of a lawsuit depends on the wording of the insurance contract. See Paradise Plaza Condominium Ass'n, Inc. v. The Reinsurance Corp. of New York, 685 So.2d 937, 940 n. 2 (Fla. 3d DCA 1996) (en banc).
[3] The Second District apparently takes a different view of Licea. It appears that in Florida Select Insurance Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999), the court concluded that it was an issue for the appraisers to decide whether the entire property loss was from vandalism (a covered peril), or normal wear and tear (an excluded peril). See 727 So.2d at 1133. It is not clear, however, that either party in that case argued the interpretation of Licea which we adopt here. See Florida Select, 727 So.2d at 1133 ("Keelean has failed to assert any grounds that would block arbitration.").
[4] In light of the foregoing ruling we need not reach the homeowners' alternative due process claim.