774 So.2d 779 (2000)
NATIONWIDE MUTUAL INSURANCE COMPANY, a foreign corporation, Appellant,
v.
Peter JOHNSON and Christine Johnson, Appellees.
No. 2D00-287.
District Court of Appeal of Florida, Second District.
December 15, 2000.
*780 W. Douglas Berry, Anthony J. Russo, and Kimberly D. Nolen of Butler Burnette Pappas, Tampa, for Appellant.
George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa, and Alan S. Marshall and Craig A. LeValley of Marshall & LeValley, P.L., Palm Harbor, for Appellees.
PER CURIAM.
Nationwide Mutual Insurance Company (Nationwide) appeals from a nonfinal order denying its motion to stay in favor of appraisal in this action Peter and Christine Johnson (the Johnsons) filed for breach of an insurance contract. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), which permits interlocutory review of orders determining a party's right to arbitration, because the appraisal provision in Nationwide's property insurance policy is an agreement to arbitrate. See Florida Select Ins. Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999). We reverse the trial court's order denying the motion to stay in favor of appraisal and remand with directions to allow the appraisal to proceed.
Nationwide issued a property insurance policy to the Johnsons on residential property they own and rent to others in Pasco County. The Johnsons reported damage to the property to Nationwide, and Nationwide's subsequent investigation determined that the damage was not the result of a covered cause of loss. The Johnsons contend that their loss was caused by a sinkhole, a covered peril, while Nationwide contends that the loss was caused by earth movement, an excluded cause. The Johnsons instituted this lawsuit for breach of the insurance contract. In response, Nationwide filed a motion to stay the trial court proceedings and sought to invoke its right to appraisal of the amount of loss as provided in the policy.[1] Following a hearing on the motion, the trial court held that it would determine the issue of whether there was a covered loss and then have the appraisal panel determine the dollar amount of the loss.
The issue presented here is whether causation is a coverage question for the court or an amount of loss question for the *781 appraisal panel. Based on State Farm Fire & Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996), and Florida Select Insurance Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999), we hold that causation is an amount of loss issue for the appraisal panel. In Licea, the Florida Supreme Court determined that the insurer's retained rights clause did not render the appraisal clause void for lack of mutuality of obligation. The Licea court interpreted the retained rights clause "as retaining only the right to dispute the issues of coverage as to the whole loss, or whether the policy conditions have been violated." 685 So.2d at 1288. In reaching that determination, the court stated that coverage disputes are exclusively judicial questions. See 685 So.2d at 1287. In discussing the appraisal clause, however, the court explained:
We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.
685 So.2d at 1288. Thus, Licea states that causation is an issue for appraisal.
Relying on Licea, this court in Keelean held that an arbitrable issue existed where the parties disputed whether the loss was caused by vandalism (covered) or normal wear and tear (excluded). We note that in Keelean there was also a coverage issue whether the insured had given prompt notice of the loss, as the policy required. In Keelean, the trial court denied the insurer's motion to compel appraisal. This court held that the insurer's assertion of a coverage defense (failure to give prompt notice) did not waive its right to demand an appraisal, and this court reversed and remanded for the trial court to enter an order directing the parties to submit to an appraisal. Licea and Keelean lead us to the conclusion that a factual determination of whether the loss here was caused by a sinkhole or earth movement is an inquiry for the appraisal panel.
Opar v. Allstate Insurance Co., 751 So.2d 758 (Fla. 1st DCA), review denied, 767 So.2d 459 (Fla.2000), which the Johnsons rely upon, appears to conflict with Keelean. In Opar, the court recognized the supreme court's interpretation in Licea that the amount of loss assessment "necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." Licea, 685 So.2d at 1288. The Opar court concluded, however, that the only issue to determine in appraisal is the amount of loss and not causation. To reach this conclusion, the Opar court relied on the rule stated in Licea that coverage is exclusively a judicial question. The Opar court also looked to the parties' insurance policy, which provided that "the only issue to be resolved by the appraisal process is the amount of loss." 751 So.2d at 761.
We note that the Johnsons also rely on New Amsterdam Casualty Co. v. J.H. Blackshear, Inc., 116 Fla. 289, 156 So. 695, 696 (1934), for the proposition that "the law does not require an insured to submit to a purely speculative appraisal of damages as to which it may be contended no liability at all exists." In Paradise Plaza Condominium Ass'n v. Reinsurance Corp. of New York, 685 So.2d 937, 940 n. 2 (Fla. 3d DCA 1996), which this court cited with approval in Keelean, the Third District noted that Blackshear was "decisively distinguishable" because Blackshear "did not involve a policy provision that submission to appraisal does not waive coverage defenses." (Emphasis in original.) As in Paradise Plaza, Licea, and Keelean, the policy here contains a retained rights clause.
Licea and Keelean support the conclusion that causation is a factual issue for the *782 appraisal panel to decide as part of the "amount of loss" determination. Thus, we reverse the trial court's order, remand for the trial court to enter an order directing the parties to submit to appraisal, and certify conflict with Opar.
Reversed and remanded.
PATTERSON, C.J., and THREADGILL and NORTHCUTT, JJ., Concur.
NOTES
[1] The appraisal clause in Nationwide's policy provides:

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.