828 So.2d 1021 (2002)
Peter JOHNSON and Christine Johnson, Petitioners,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.
State Farm Fire and Casualty Company, Petitioner,
v.
Mariano R. Gonzalez and Rene Gonzalez, Respondents.
Nos. SC01-91, SC01-321.
Supreme Court of Florida.
September 26, 2002.
*1022 George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa, FL, and Alan S. Marshall and Craig A. LeValley of Marshall & LeValley, P.L., Palm Harbor, FL; and William S. Berk of Adorno & Zeder, P.A., and Richard A. Warren of Hardeman & Suarez, P.A., Miami, Florida, for Petitioners.
W. Douglas Berry and Anthony J. Russo of Butler Burnette Pappas, Tampa, FL; and Linda Spaulding White and Douglas T. Marx of Conrad & Sherer, LLP, Fort Lauderdale, FL, for Respondents.
WELLS, J.
We have for review Nationwide Mutual Insurance Co. v. Johnson, 774 So.2d 779 (Fla. 2d DCA 2000), and Gonzalez v. State Farm Fire & Casualty Co., 805 So.2d 814 (Fla. 3d DCA 2000), which expressly and directly conflict on the issue of whether causation is a coverage question for the court or an amount of loss question for the appraisal panel when the insurer wholly denies that there is a covered loss.[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We quash Johnson, approve Gonzalez, and hold that causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed.

FACTS

Johnson v. Nationwide Mutual Insurance Company
The relevant facts of the Johnson case are set forth in the district court opinion.
Nationwide issued a property insurance policy to the Johnsons on residential property they own and rent to others in Pasco County. The Johnsons *1023 reported damage to the property to Nationwide, and Nationwide's subsequent investigation determined that the damage was not the result of a covered cause of loss. The Johnsons contend that their loss was caused by a sinkhole, a covered peril, while Nationwide contends that the loss was caused by earth movement, an excluded cause. The Johnsons instituted this lawsuit for breach of the insurance contract. In response, Nationwide filed a motion to stay the trial court proceedings and sought to invoke its right to appraisal of the amount of loss as provided in the policy. Following a hearing on the motion, the trial court held that it would determine the issue of whether there was a covered loss and then have the appraisal panel determine the dollar amount of the loss.
Johnson, 774 So.2d at 780 (footnote omitted). The appraisal clause in Nationwide's policy provided:
If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
Id. at 780 n. 1. Nationwide filed an interlocutory appeal, and the Second District "reverse[d] the trial court's order denying the motion to stay in favor of appraisal and remand[ed] with directions to allow the appraisal to proceed." Id. at 780.
The court relied on State Farm Fire & Casualty Co. v. Licea, 685 So.2d 1285 (Fla. 1996), and Florida Select Insurance Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999), in holding that "causation is an amount of loss issue for the appraisal panel." Johnson, 774 So.2d at 781. The court recognized that coverage issues are exclusively judicial questions but found that "Licea and Keelean lead us to the conclusion that a factual determination of whether the loss here was caused by a sinkhole or earth movement is an inquiry for the appraisal panel." Id. The court then stated that the First District's decision in Opar v. Allstate Insurance Co., 751 So.2d 758 (Fla. 1st DCA), review denied, 767 So.2d 459 (Fla.2000), appears to conflict with the Johnson and Keelean decisions. See Johnson, 774 So.2d at 781.

State Farm Fire and Casualty Company v. Gonzalez
The relevant facts of the Gonzalez case are also set forth in the district court opinion:
The [Gonzalezes] submitted a claim to State Farm under their homeowner's insurance policy, asserting that blasting in the vicinity of their home had caused cracks in the walls and tiles. The insurance policy would provide coverage if blasting were the cause of the damage to the home.
State Farm investigated and denied the claim. State Farm said that based on its engineer's report, the cracking was attributable to minor settling of the foundation, not blasting. Since settlement of the foundation fell within a policy exclusion, State Farm denied coverage.

*1024 The homeowners filed suit and State Farm demanded an appraisal. Relying on [Licea], State Farm argued that the appraisers were allowed to decide whether this entire claim was within, or outside, the policy coverage. The trial court agreed, ruling that the "[a]ppraiser[s] should give an opinion as to causation and damages."
State Farm's appraiser and the umpire decided that the entire loss was caused by settling of the foundation, not blasting, and entered an award for zero. The trial judge confirmed the award, entering final judgment in favor of State Farm.
Gonzalez, 805 So.2d at 815 (footnote omitted). The appraisal clause stated: 6. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.
Id. at 815 n. 1.
The Third District reversed and remanded the trial court's final judgment, concluding "that the appraisers impermissibly decided whether the entire claim was within the coverage of the insurance policy." Id. at 815. The Third District, quoting Licea, reiterated that coverage issues are exclusively judicial questions. See id. at 816. Because State Farm's initial defense to the claim was that there was no coverage whatsoever, the Third District found that the Licea statements regarding appraisers deciding causation did not apply. See id. at 817.

ANALYSIS
The conflicting decisions of Johnson and Gonzalez cite this Court's decision in Licea to support their holdings. The issue in Licea, however, was not the issue that is presented in Johnson or Gonzalez. In Licea, this Court addressed whether an appraisal clause was void for lack of mutuality of obligation. See Licea, 685 So.2d at 1286. This Court held that the clause was not void for lack of mutuality simply because the clause had a retained rights clause.[2]See id. at 1289. Relying on Judge Cope's dissent in American Reliance Insurance Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA 1994), this Court found that the purpose of the retained rights clause was "to state, quite simply, that if the insured requests appraisal and the insurer proceeds with the appraisal process, the insurer has not *1025 thereby abandoned any coverage defenses which may be available to it." Licea, 685 So.2d at 1287 (quoting Village Homes, 632 So.2d at 108 (Cope, J., dissenting)).
Thus, the Licea decision resolved the issue of whether an appraisal provision lacked mutuality by including a retained rights provision. See id. at 1289. In Licea, this Court addressed the appraisal process by stating:
As this Court pointed out in Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla.1974), "A challenge of coverage is exclusively a judicial question...." Id. at 667. If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties.
Thus, where there is a demand for an appraisal under the policy, the only "defenses" which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole or that there has been a violation of the usual policy conditions such as fraud, lack of notice, and failure to cooperate. We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.
Licea, 685 So.2d at 1287-88 (omission in original). This part of the Licea opinion is the focus of the conflict between the Johnson and Gonzalez cases with respect to the appraisal panel's role in determining the amount of loss. We resolve this conflict by again adopting an analysis of Judge Cope. In Gonzalez, Judge Cope wrote:
Very simply, the Licea court was saying that when the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid. In that circumstance, the appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. In doing so, they are to exclude payment for "a cause not covered such as normal wear and tear, dry rot, or various other designated, excluded causes."
Thus, in the Licea situation, if the homeowner's insurance policy provides coverage for windstorm damage to the roof, but does not provide coverage for dry rot, the appraisers are to inspect the roof and arrive at a fair value for the windstorm damage, while excluding payment for the repairs required by preexisting dry rot.
In the present case (unlike Licea) State Farm says that there is no coverage for the claim whatsoever, while the homeowners say that the claim falls within an applicable coverage. Whether the claim is covered by the policy is a judicial question, not a question for the appraisers.
Gonzalez, 805 So.2d at 816-17 (citations omitted).
In both Johnson and Gonzalez, the insurers denied that there was a covered loss under the respective policies. See Johnson, 774 So.2d at 780; Gonzalez, 805 So.2d at 815. Therefore, the issue in Johnson and Gonzalez was not appraising the amount of a loss which the insurer admitted was covered. Rather, the issue was one of whether the policies covered the losses for the claims that were made.
In accord with our decision in Licea, these coverage issues were to be judicially determined by the court and were not subject to a determination by appraisers. Therefore, in Johnson, the determination *1026 as to whether the loss was covered by a sinkhole or earth movement is an issue of coverage for the whole loss and is an issue for judicial determination by a court.
Accordingly, we quash Johnson, approve Gonzalez, and remand these cases for further proceedings consistent with this opinion. To the extent that Florida Select Insurance Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999), and Opar v. Allstate Insurance Co., 751 So.2d 758 (Fla. 1st DCA 2000), are inconsistent with our decision, we disapprove those decisions.
It is so ordered.
ANSTEAD, C.J., SHAW, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
NOTES
[1] For purposes of oral argument, we consolidated these two cases. We now consolidate these cases for disposition in this opinion.
[2] The clause read: "Our request for an appraisal or examination shall not waive any of our rights." Id. at 1286.