847 So.2d 584 (2003)
Jorge CORZO and Barbara Corzo, his wife, Appellants,
v.
AMERICAN SUPERIOR INSURANCE COMPANY, Appellee.
No. 3D03-308.
District Court of Appeal of Florida, Third District.
June 18, 2003.
*585 Harold B. Klite Truppman, for appellants.
Groelle & Salmon and Robin B. Rothman, for appellee.
Before COPE, SHEVIN and WELLS, JJ.
COPE, J.
Jorge and Barbara Corzo appeal a final judgment denying their suit for appraisal. We affirm.
Jorge and Barbara Corzo are homeowners insured by American Superior Insurance Company. They made a claim for damages to their home due to nearby blasting activities. The insurer denied the claim, asserting that coverage is excluded by the insurance policy.
The Corzos filed a lawsuit in which the sole claim for relief was a demand for appraisal. The trial court entered summary judgment in favor of the insurer on the demand for appraisal, and the Corzos have appealed.
We entirely agree with the trial court. The court correctly ruled that where, as here, the claim has been denied in its entirety on the ground that it is not covered by the insurance policy, the issue of coverage is one for the court, not for the appraisers. Johnson v. Nationwide Mutual Insurance Co., 828 So.2d 1021 (Fla. 2002). The Corzos' complaint did not bring suit on the insurance policy, and did not challenge the insurer's interpretation of the insurance policy. That being so, the plaintiffs had sought the wrong remedy and appraisal was properly denied. The trial court's ruling in substance means that the request for appraisal was premature absent a determination that coverage exists under the insurance policy.
The insurer concedes that the plaintiffs remain free to file suit on the insurance policy, and at that time, reassert their claim for appraisal. The plaintiffs express concern that the trial court's denial of the request for appraisal will have some preclusive effect in the future, but that is not so. Since the demand for appraisal was premature, the dismissal was necessarily without prejudice.
Affirmed.