**LA GORCE PALACE CONDO ASSOC., INC., Plaintiff,**

v.

**QBE INSURANCE CORP., Defendant.**

**Case No. 10–20275–CIV.**

United States District Court, S.D. Florida.

Aug. 10, 2010.

Christian Daniel Walled, Richard Alan Alayon, Alayon & Associates, Coral Gables, FL, Gary Simon Brooks, Brooks Hermelee Geffin, Miami, FL, for Plaintiff.

Melissa M. Sims, Gilberto Justino Barreto, Patrick Edward Betar, Berk, Merchant & Sims, PLC, Coral Gables, FL, Amy Millan Demartino, James Joseph Wicker, II, Wicker Smith O'Hara McCoy & Ford, P.A., West Palm Beach, FL, for Defendant.

### ORDER GRANTING MOTION TO DISMISS AS TO COUNT I AND II OF COMPLAINT

PATRICIA A. SEITZ, District Judge.

IN THIS CASE a condominium association has sued its insurer for failure to pay for losses arising out of Hurricane Wilma in October, 2005. Before the Court is Defendant's Motion to Dismiss Counts I and II of the Plaintiff's Complaint [DE–9]. Count I seeks specific performance of the appraisal clause under the insurance contract. Count II requests declaratory judgments as to several things. It seeks a judgment that the insurance contract is valid and enforceable, and that Plaintiff is entitled to coverage and a determination of the total amount of all damages sustained notwithstanding Defendants' failure to timely resolve the claim. It also asks for a judgment that the insurance contract fails to comply with Fla. Stat. § 627.701(1)(a-b) and (4)(a), and therefore the coinsurance and separate hurricane deductible provisions are void and unenforceable. Defendant filed an answer and affirmative de-

fenses to Counts III and IV [DE–7] which allege breach of contract claims seeking, respectively, actual cash value and replacement cost value.

The Court has considered the motion, Plaintiff's response [DE–18] and Defendant's Reply [DE–21].[1] Defendant moves to dismiss the two counts for failure to state a claim under Rule 12(b)(6) Fed. R.Civ.P. For the reasons discussed below, the Motion to Dismiss will be granted as to Count I and as to those parts of Count II that seek a declaration regarding the validity and enforceability of the contract and as to the co-insurance issue. The motion will be granted with leave to replead as to the request for declaration regarding a separate hurricane deductible.

## I. *Legal Standard*

When considering a Rule 12(b)(6) motion, a court must determine whether the factual allegations, taken in the light most favorable to the plaintiff, raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, a court is not required to accept plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As the parties are here on diversity jurisdiction grounds, in evaluating the sufficiency of the claims, the Court must apply the law of Florida, the forum state.

## II. *Count I fails to plead a claim for specific performance of the appraisal clause.*

 Applying the standards above to Count I, the issue is whether Plaintiff has pled sufficient facts as opposed to legal conclusions to state a claim for specific performance of an insurance appraisal clause under Florida law. Specific performance is an equitable remedy as opposed to a legal cause of action. To demonstrate a right to this remedy under Florida law, a plaintiff must plead facts showing: (1) the plaintiff is clearly entitled to this remedy; (2) there is no adequate remedy at law; and (3) justice must require it. *Castigliano v. O'Connor,* 911 So.2d 145, 148 (Fla. 3d DCA 2005). In addition to pleading facts supporting the second element of no adequate remedy at law, the first element of the claim requires litigants seeking the remedy to establish the legal requirements of entitlement to the right "by clear, definite and certain proof." *Id.* While a plaintiff may plead the validity of the contract at issue and his or her performance under it generally, when it comes to establishing entitlement to a particular right under the contract, a plaintiff will need to provide a greater degree of proof than that required under the preponderance of evidence rule. *Humphrys v. Jarrell,* 104 So.2d 404, 410 (Fla. 2d DCA 1958). The Complaint in this case fails to state a claim because Plaintiff has not pled facts to demonstrate a present right to appraisal under the insurance contract, or no adequate remedy at law if appraisal is not ordered, or that justice presently requires the appraisal. *See Johnson v. Nationwide Mut. Ins. Co.,* 828 So.2d 1021, 1025 (Fla.2002) (the existence of coverage issues requiring judicial determination preclude entitlement to appraisal).

The Complaint states that Defendant denied payment of Plaintiff's claim submitted in 2005 on the grounds that the loss

---

1. Plaintiff filed a *"Instanter"* sur-reply [DE–22] and later realized that such filing requires leave of court, thus filed a motion for leave to file the sur-reply [DE–28]. Defendant filed a response [DE–30]. The Local Rules, Rule 7.1, do not provide for a sur-reply as of right. The Court will deny the motion to file a sur-reply and will order the unauthorized filing stricken.

did not exceed the amount of the applicable deductible. [DE–1 ¶ 11]. Thereafter, the Complaint alleges that Plaintiff provided Defendant with a proof of loss that "indicated the amount of the loss had *not yet been determined*" (emphasis added) and recently "provided a new Proof of Loss, identifying the damages as not less than $4,310,430.85." *Id.* at ¶ 14. No date is alleged as to when Plaintiff submitted the latest Proof of Loss; however, attached to the Complaint, as Exhibit C, is a 74–page report of Plaintiff's engineers dated October 14, 2009. Presumably the latest proof of loss was submitted sometime between October 14, 2009 and the date the Complaint was filed on January 28, 2010. There are no allegations that the Defendant has responded to this newest proof of loss, that there are no coverage issues which require judicial determination, that the dispute between the parties is simply a difference in the amount of loss, the Plaintiff has no adequate remedy at law and justice requires the appraisal. Florida law requires such allegations to plead a claim for specific performance of the appraisal clause under the parties' insurance contract. Thus, Count I must be dismissed. If there are facts to support such a claim consistent with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff may filed an amended Count I.[2]

III. *Count II's claim for declaratory relief must be dismissed except the dismissal is with leave to re-plead the hurricane deductible issue.*

■ Count II seeks a judgment declaring that: (a) the insurance contract is valid and enforceable; (b) that pursuant to the terms and conditions of the contract, the Plaintiff has a valid and enforceable right to coverage and to a determination of the total amount of all damages; and (c) a

declaration that the insurance contract fails to comply with Fla. Stats. §§ 627.701(1)(a-b) and (4)(a), in that the coinsurance and a separate hurricane deductible provisions are void and unenforceable. [DE–1 at ¶ 34]. To plead a claim for declaratory relief in Florida, a plaintiff must plead facts to show: (1) there is a bona fide, actual, present practical need for the declaration; (2) that the declaration deals with a present, ascertained or ascertainable state of facts or present controversy; (3) that some right or privilege of the complaining party is dependent upon the facts or the law applicable to the facts; (4) there is some person who has an actual, present adverse interest in the subject matter; (5) all adverse parties are presently before the court; and (6) the relief sought is not merely seeking an advisory opinion. *May v. Holley,* 59 So.2d 636, 639 (Fla.1952).

■ Based on the parties' papers, there does not appear to be a present, bona fide dispute that requires a declaration as to the validity or the enforceability of the contract or as to the enforcement of the co-insurance penalty. The Court bases this determination on the fact that the Defendant has stipulated that:

> it does not intend to rescind the subject policy ab initio, and same is valid and enforceable pursuant to the conditions, limitations and exclusions contained within the contract of insurance. However, [Defendant's] Ninth Affirmative Defense (D.E. 7 at 13) raises the defense that Plaintiff has violated the Concealment, Misrepresentation or Fraud, which renders the policy void.

*See* Defendant's Motion to Dismiss [DE–9 at 6–7]

2. Based on the parties' other filings, it appears there is a definite dispute as to whether

facts presently exist establishing Plaintiff's clear and definite right to appraisal.

Additionally, the Defendant has also stated in its motion, "QBE does not seek to enforce the coinsurance penalty, and has never taken any action to do so." *See* DE–9 at 7. The Court will hold the Defendant to this stipulation and representation as it grants its Motion to Dismiss these three sub claims of Count II. As to the separate hurricane deductible issue, the Court will grant the motion to dismiss with leave to re-plead. Because Defendant has not stipulated that such is not an issue in the resolution of this claim, the Plaintiff, as the party seeking the declaration, must allege facts that demonstrate that such is in fact a present bona fide dispute that will affect the resolution of the parties' case. The Court is aware that there is presently pending before the Eleventh Circuit a case which may impact this issue. The parties should discuss what is the most efficient method of addressing this issue, if it is in fact an issue that will impact on the final resolution of this dispute.

Therefore, it is

ORDERED that:

(1) Defendant's Motion to Dismiss Count I [DE–9] is GRANTED with leave to re-plead by **August 24, 2010** if facts presently exist to plead such a claim under Florida law.

(2) Defendant's Motion to Dismiss Count II [DE–9] is GRANTED with leave to re-plead by **August 24, 2010** only the claim as to the separate hurricane deductible if facts presently exist to plead such a claim under Florida law.

(3) Plaintiff's Motion to File a Sur–Reply [DE–28] is DENIED. The Clerk of the Court shall strike Docket Entry 22 which is the sur-reply filed without leave of Court.