[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13485
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-01101-SCB-CPT

DERRICK MCGOWAN
individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

versus

FIRST ACCEPTANCE INSURANCE COMPANY, INC.,
a Texas corporation,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 18, 2020)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

First Acceptance Insurance Company concedes that Derrick McGowan's

position in this appeal is correct in light of *Gravitystorm, LLC v. Old Dominion*

*Ins. Co.*, 304 So. 3d 8 (Fla. Dist. Ct. App. 2020), and requests that we vacate the order on appeal and remand for further proceedings.

We agree that the district court's order compelling appraisal of McGowan's claim is inconsistent with Florida precedent. Under Florida law, courts—not appraisers—decide questions concerning the interpretation of an insurance policy. *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002). Here, the disputed issue of whether the policy's term "actual cash value" includes sales tax, title transfer fees, and registration transfer fees is a question of policy interpretation for the court. *Gravitystorm*, 304 So. 3d at 9. The district court therefore erred in sending this question to appraisal.

We accordingly vacate the district court's order and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

2