DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellant,

v.

**PARVIN NOWROOZPOUR** and **PARVIZ NOWROOZPOUR,**
Appellees.

No. 4D21-720

[November 24, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE-18-005826 (12).

Mary Lou Cuellar-Stilo and Mark D. Tinker of Cole, Scott & Kissane, P.A., Tampa, and Brett Frankel and Jonathan Sabghir of People's Trust Insurance Company, Deerfield Beach, for appellant.

Lisa A. Riddle, John W. McLuskey and John E. Hughes, III, of McLuskey, McDonald & Hughes, P.A., Miami, for appellees.

PER CURIAM.

People's Trust Insurance Company ("People's Trust") appeals a nonfinal order denying its motion to compel appraisal. People's Trust raises two issues on appeal. In the first issue, People's Trust argues the order is per se reversible because it was authored by opposing counsel, contains findings and rulings the presiding judge never made, and decides matters not raised or noticed for hearing. On this issue, we affirm without further comment. In the second issue, People's Trust argues that its failure to provide water mitigation services, after electing to do so, did not void the appraisal provision contained in the policy. For the reasons discussed below, we reverse and remand for entry of an order compelling appraisal.

By way of background, Parvin Nowroozpour and Parviz Nowroozpour ("the insureds") own a property insured by People's Trust. The policy includes a Preferred Contract Endorsement ("the endorsement"). The endorsement provides that, in the event of a covered loss, People's Trust may, at its option, repair the property. The endorsement further

includes a mitigation provision providing that "[i]f a peril causing a loss and related damage are covered . . . and repairs are necessary to prevent the property from further damage," the insureds must notify People's Trust before authorizing or commencing repairs so that People's Trust may select Rapid Response Team, LLC ("RRT") to make the covered reasonable repairs. The endorsement also contains an appraisal provision stating that, in the event People's Trust elects to repair the property and the insureds and People's Trust fail to agree on the amount of loss, either party may demand an appraisal as to the amount of loss and the scope of repairs. Under the appraisal provision, once the appraisers set the amount of loss and scope of repairs, the scope of repairs shall establish the work to be performed and completed by RRT.

On September 10, 2017, the property suffered water damage as a result of Hurricane Irma. The next day, the insureds' daughter reported the water damage to People's Trust over the phone. During the phone call, People's Trust stated it would send RRT to the property within 48 to 72 hours. It is undisputed that People's Trust failed to send RRT to the insureds' property and that RRT never provided any water mitigation services at the property. Because of that failure, the property further deteriorated and sustained significant additional damage.

On September 17, 2017, People's Trust's field adjuster inspected the property and prepared an estimate of repairs in the amount of $781. On October 3, 2017, People's Trust sent a letter to the insureds accepting coverage for the loss but stating the damage did not exceed the policy's deductible. The letter also stated People's Trust was electing to use RRT to repair the property once a determination of damages was made, advised the insureds of their appraisal rights, and requested submission of a sworn proof of loss.

On February 1, 2018, the insureds sent a sworn proof of loss totaling $105,596. On March 13, 2018, the insureds filed a complaint against People's Trust, alleging breach of contract for its failure to pay the entirety of the loss and damage to the property. One day later, People's Trust acknowledged receipt of the sworn proof of loss, acknowledged a dispute existed over the scope of repairs, and demanded appraisal of the amount of loss and scope of repairs in accordance with the appraisal provision in the endorsement.

People's Trust then filed an answer, affirmative defenses, and counterclaims. In the first count of the counterclaim, People's Trust sought specific performance to enforce its right to an appraisal and right

of repair. Consistent with this counterclaim, People's Trust thereafter filed a motion to compel appraisal.

After an evidentiary hearing on the motion to compel appraisal, the trial court entered an order denying the motion with prejudice. The trial court found that People's Trust's failure to provide water mitigation services was a material breach of the policy which caused prejudice to the insureds and discharged them from any further contractual duties under the endorsement, including appraisal, repair by People's Trust's preferred contractor, and payment of the policy's hurricane deductible. This appeal follows.

When the facts are undisputed, an appellate court reviews an order denying a motion to compel appraisal *de novo*. *People's Tr. Ins. Co. v. Garcia*, 263 So. 3d 231, 233–34 (Fla. 3d DCA 2019).

On appeal, People's Trust argues that its election to repair created a new repair contract pursuant to *Drew v. Mobile USA Insurance Co.*, 920 So. 2d 832 (Fla. 4th DCA 2006), and under this new contract, it was bound to repair the property to its pre-loss condition within a reasonable time. People's Trust also argues that its failure to provide water mitigation services did not discharge the insureds from the appraisal provision contained in the endorsement. We agree.

"[W]hen the insurer makes its election to repair, that election is binding upon the insured and creates a new contract under which the insurer is bound to [perform repairs] within a reasonable time." *Drew*, 920 So. 2d at 835 (quoting *Travelers Indem. Co. v. Parkman*, 300 So. 2d 284, 285 (Fla. 4th DCA 1974)). "Therefore, in a situation where the option to repair has been invoked, the insured and the insurer would become parties to a separate repair contract wherein the insurer is obligated to perform repairs which will adequately return the insured property to its pre-loss condition." *Vainberg v. Avatar Prop. & Cas. Ins. Co.*, 321 So. 3d 231, 235 (Fla. 4th DCA 2021) (citing *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 739 (Fla. 2002)). "Where the insurer breaches this new contract to repair, it becomes liable for the damages proximately caused by this breach." *Drew*, 920 So. 2d at 835.

Here, pursuant to *Drew*, a repair contract was formed when People's Trust completed an inspection of the property and sent the October 3, 2017 letter to the insureds notifying them of its election to repair the property to its pre-loss condition. Therefore, People's Trust is obligated to perform repairs to return the property to its pre-loss condition.

3

People's Trust's failure to provide water mitigation services to prevent further damage was not a breach that voided or discharged the insureds from the appraisal provision in the policy. Rather, mitigation was subsumed within the duty to repair, and People's Trust's failure to mitigate is relevant only to the cost to repair the property. *See Drew*, 920 So. 2d at 835 (explaining that, when an option to repair has been invoked but the repairs are not adequately performed, an insured may be entitled to damages above the policy limits caused by the inadequate repairs).

People's Trust additionally argues that because there is a scope of loss dispute and it properly demanded appraisal pursuant to the appraisal provision in the endorsement, it is entitled to appraisal. We agree.

"[W]hen the insurer admits that there *is* a covered loss, but there is a disagreement on the *amount* of loss, it is for the appraisers to arrive at the amount to be paid." *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) (quoting *Gonzalez v. State Farm Fire & Cas. Co.*, 805 So. 2d 814, 816 (Fla. 3d DCA 2000)).

Here, People's Trust admitted there was a covered loss in its October 3, 2017 letter to the insureds. On March 14, 2018, after receiving the insureds' sworn proof of loss, People's Trust acknowledged that a dispute existed over the scope of repairs and demanded appraisal in accordance with the appraisal provision in the endorsement. Therefore, appraisal is appropriate to determine the amount of loss and scope of repairs to be made to the property. Accordingly, we reverse and remand for the trial court to enter an order compelling appraisal.

*Reversed and Remanded.*

MAY, DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4