DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellant,

v.

**ANDREA TRACEY** and **JAMES TRACEY,**
Appellees.

No. 4D17-3945

[July 25, 2018]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502017CA005429XXXXMB.

Raoul G. Cantero, Ryan A. Ulloa and Iesha S. Nunes of White & Case LLP, Miami, and Jonathan Sabghir and Brett R. Frankel, Deerfield Beach, for appellant.

Juan Ramirez Jr., of ADR Miami LLC, Coral Gables and Alberto M. Regueyra of Regueyra & Llerandi, P.L., South Miami, for appellees.

MAY, J.

An insurer challenges a trial court order denying its motion to compel an appraisal. We reverse the order because causation and the "amount of loss" are issues to be determined by an appraisal where the insurer has not "wholly denied" there is a covered loss.

The insureds sustained damage to their roof and their home's interior. They filed a claim with their insurer for all the damage caused by wind from a tornado. The insurer investigated the claim and sent a letter to the insureds confirming coverage, but limiting the "amount of loss." The letter contained the following:

> THERE IS COVERAGE UNDER THE POLICY FOR THIS LOSS AS A WHOLE; HOWEVER, THE SCOPE OF DAMAGES COVERED BY YOUR POLICY INCLUDES ONLY THE INTERIOR DAMAGES BUT DOES NOT INCLUDE YOUR ROOF.

> We have completed our investigation of your claim, and based upon what we were provided and what you reported, and additionally, based upon our claim investigation, there is generally coverage for your loss as a whole. However, and more specifically, our investigation revealed that the roof leak you reported stemmed from age-related wear and tear and deterioration; general mechanical breakdown or latent defect; and/or faulty, inadequate or defective maintenance of the roofing system - none of which are covered causes of loss. Therefore, in our opinion, the scope of covered damages would not include your roofing system because those damages were caused by uncovered or excluded causes, but would provide coverage for resulting ensuing damages to the interior of your home. Therefore, we believe our obligation is to repair only those damages to the interior of the home. If you are not in agreement with that assessment, the question of whether the scope of repairs should include the roof, can be resolved in appraisal (see below).

The letter included a proposed scope of repairs for the interior totaling $4,354 (less a $2,500 deductible). The insureds disagreed with the insurer's position and submitted a proof of loss. They obtained two estimates, one totaling $55,718.85 and the other totaling $43,507.77. Both estimates included the roof repairs.

In response, the insurer demanded an appraisal to determine whether the roof damage was caused by wind (a covered cause) or wear and tear (an uncovered cause).

The insureds filed a breach of contract action against the insurer. The insurer moved to compel an appraisal. It argued that the issue of causation is for the appraisal panel because it goes to the amount of loss. The insureds replied that the cause of the roof damage was a coverage issue to be determined by the trial court.

The trial court concluded that, because the insurer made a "predetermination" that the roof was not covered, the issue could not be submitted to appraisal.

> All right. I'm going to deny the motion to abate and deny the motion to compel appraisal without prejudice. You may think this is a clear case but it is not at all clear to me because it does seem very – and if it's a form letter, it's problematic, it seems to be, but it seems pretty clear from the April 11, 2017

2

letter that the – there is some question – well, quite frankly, that the defendant People's Trust has denied coverage with respect to the leaky roof even though they have accepted – acknowledged coverage with respect to the damage that the leaky roof has caused on the interior of the home. So, to me, that is not clear and if there had not been that predetermination, I might otherwise had compelled appraisal, but under these circumstances, I won't.

And the reason – well, as I said, I'm making this determination without prejudice. If it's determined later on down the road after some discovery has taken place that an appraisal is warranted, then, by all means, I will order.

The trial court entered an order denying the insurer's motion to compel appraisal. It is from this order that the insurer appeals.

We have de novo review as the issue is a legal one. *Fla. Ins. Guar. Ass'n v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009).

"[C]ausation is a coverage question for the court when an insurer **wholly denies** that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed." *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002) (emphasis added). In other words, when an insurer admits coverage and disputes the amount of loss, causation is to be determined by an appraisal panel. *See Kendall Lakes Townhomes Developers, Inc. v. Agric. Excess & Surplus Lines Ins. Co.*, 916 So. 2d 12, 15-16 (Fla. 3d DCA 2005).

In *Kendall Lakes*, the insured asserted that Hurricane Irene caused both interior water damage to a building, and damage to the roof tiles. *Id.* at 13. The insurer's investigation concluded that the interior water damage was not caused by a covered loss, but that the roof tiles were covered. *Id.* at 14. The insured claimed over $700,000, but the insurer agreed to pay only $1,000. *Id.* The Third District concluded that the issue was an "amount of loss" and not a coverage issue because the insurer did not deny the whole claim. *Id.* at 16. The court held the dispute was appropriate for the appraisal process. *Id.*

Similarly, here, the insurer admitted coverage for the interior damage, but declined to repair the roof. In short, the insurer did not "wholly deny" coverage. There is only one claim, and it includes both the roof and the interior of the same home. It is unlike cases which involved separate

buildings or separate claims. *See, e.g.,* *Pernas v. Scottsdale Ins. Co.*, 1:15-CV-21506-KMM, 2016 WL 471949 (S.D. Fla. Feb. 8, 2016) (a single claim for damage to two separate buildings); *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129 (Fla. 4th DCA 2010) (involving an original claim and a "supplemental claim" filed two years after the original claim was paid and closed).

The insureds' waiver argument lacks merit. The insurer requested an appraisal in its response letter to the claim and filed a motion to compel appraisal upon answering the insured's complaint. *See Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 493 (Fla. 5th DCA 2014) ("[T]he question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether the[y] acted inconsistently with their appraisal rights.").

We therefore reverse and remand the case to the trial court to compel an appraisal.

*Reversed and Remanded.*

WARNER and GROSS, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

4