# Third District Court of Appeal

## State of Florida

Opinion filed January 23, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-742
Lower Tribunal No. 17-6368
_____

## People's Trust Insurance Company,
Appellant,

vs.

## Esperanza Garcia,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

White & Case, and Raoul G. Cantero and Ryan A. Ulloa; Brett R. Frankel and Jonathan Sabghir (Deerfield Beach), for appellant.

Mintz Truppman, P.A., and Timothy H. Crutchfield; Marin, Eljaiek, Lopez & Martinez, P.L., and Anthony M. Lopez and David F. Garcia, for appellee.

Before LOGUE and SCALES, JJ., and LAGOA, Associate Judge.

LAGOA, Associate Judge.

People's Trust Insurance Company ("People's Trust") appeals from a non-final order denying its motion to compel appraisal. Because People's Trust did not wholly deny coverage, the issue of causation is an amount-of-loss question subject to appraisal. We therefore conclude that the trial court erred by not compelling appraisal, and we reverse and remand with directions to the trial court to compel appraisal.

I.    FACTUAL AND PROCEDURAL HISTORY

Garcia owns property located in Miami-Dade County (the "property"). The property was insured under a homeowner's insurance policy issued by People's Trust that included a Preferred Contractor Endorsement (the "endorsement"). Under the endorsement, Garcia agreed that in the event of a covered loss, People's Trust may, at its option, repair the property.[1] The endorsement's appraisal provision further stated that where People's Trust elected to repair the property, "[i]f [Garcia] and [People's Trust] fail to agree on the amount of loss, which includes the scope of repairs, either may demand an appraisal as to the amount of loss and the scope of repairs." Under the appraisal provision, once the appraisers set the amount of loss

---

[1] Specifically, the endorsement provided: "'You' agree that in the event of a covered loss to 'your' dwelling or other structures on the 'residence premises,' . . . 'we' at our option may select Rapid Response Team, LLC™ to repair 'your' damaged property as provided by the policy and its endorsements."

2

and scope of repairs, "[t]he scope of repairs shall establish the work to be performed and completed by Rapid Response Team, LLC™."

The property suffered water damage as a result of a roof leak on October 1, 2016, and Garcia reported the claim to People's Trust. In its December 30, 2016, letter, People's Trust informed Garcia as follows:

> THERE IS COVERAGE UNDER THE POLICY FOR THIS LOSS AS A WHOLE; HOWEVER, THE SCOPE OF DAMAGES COVERED BY YOUR POLICY INCLUDES ONLY THE INTERIOR DAMAGES BUT DOES NOT INCLUDE YOUR ROOF
>
> We have completed our investigation of your claim, and based upon what we were provided and what you reported, and additionally, based upon our claim investigation, there is generally coverage for your loss as a whole. However, and more specifically, our investigation revealed that the roof leak you reported stemmed from age-related wear and tear and deterioration; general mechanical breakdown or latent defect; and/or faulty, inadequate or defective maintenance of the roofing system—none of which are covered causes of loss. Therefore, in our opinion, the scope of covered damages would not include your roofing system because those damages were caused by uncovered or excluded causes, but would provide coverage for resulting ensuing damages to the interior of your home. Therefore, we believe our obligation is to repair only those damages to the interior of the home. If you are not in agreement with that assessment, the question of whether the scope of repairs should include the roof, can be resolved in appraisal . . . .

The December 30 letter stated that People's Trust was exercising its election to repair the property and that People's Trust would "repair your property to its pre-loss

3

condition by making repairs to all covered damages, once there is a determination of what those damages are, either by agreement or by submitting the matter to an appraisal panel as set forth in the policy."

In a subsequent letter dated February 1, 2017, People's Trust acknowledged receipt of Garcia's Sworn Proof of Loss and stated that "[b]ased upon our . . . inspection of the damages, [People's Trust] disputes the scope of loss and/or the amount of damages identified in your Sworn Proof of Loss. Specifically, your Sworn Proof of Loss is predicated upon a repair estimate which includes repairs that fall outside the scope of your loss." People's Trust demanded appraisal "of the amount of loss and scope of repairs in accordance with" the Endorsement.

On March 16, 2017, Garcia filed a complaint for breach of contract (Count I) and declaratory judgment (Count II) against People's Trust. On November 28, 2017, People's Trust filed a motion to dismiss Count II of the complaint and a motion to compel appraisal and stay the current lawsuit. The trial court sua sponte set the motion for a January 19, 2018, hearing. Garcia's counsel did not appear at this hearing. After the hearing, the trial court entered an order denying People's Trust's motion to dismiss Count II, but granting its motion to compel appraisal and staying the action. Garcia moved for reconsideration, arguing that her counsel's failure to appear at the hearing was due to a clerical error. On March 14, 2018, the trial court granted Garcia's motion for reconsideration, vacated its January 19 order, and

4

denied People's Trust motion to compel appraisal. The trial court's order states that "[t]he Court finds the issue is one of coverage, not amount-of-loss."

People's Trust appeals from the March 14 non-final order denying its motion to compel appraisal.[2]

## II.    STANDARD OF REVIEW

In reviewing a trial court's order denying a motion to compel appraisal, "factual findings are reviewed for competent, substantial evidence, and the application of the law to the facts is reviewed de novo." Fla. Ins. Guar. Ass'n v. Waters, 157 So. 3d 437, 439-40 (Fla. 2d DCA 2015); accord Fla. Ins. Guar. Ass'n v. Castilla, 18 So. 3d 703, 704 (Fla. 4th DCA 2009) (applying the same standard of review for a denial of a motion to compel arbitration to a motion to compel appraisal and holding that a trial court's factual findings are reviewed under a competent, substantial evidence standard and its application of the law to those findings is reviewed de novo).

Where the facts are undisputed, a de novo standard of review applies. See Mora v. Abraham Chevrolet–Tampa, Inc., 913 So. 2d 32, 33-34 (Fla. 2d DCA 2005) (stating that a trial court's ruling on a motion to compel arbitration when the facts are undisputed is reviewed de novo); see also People's Trust Ins. Co. v. Tracey, 251 So. 3d 931, 933 (Fla. 4th DCA 2018) (applying a de novo standard of review to trial

---

[2] The trial court subsequently stayed the case pending appeal.

5

court's order denying insurer's motion to compel appraisal "as the issue is a legal one").

III.    ANALYSIS

On appeal, People's Trust argues that the trial court erred in refusing to compel appraisal.  We agree.[3]

It is undisputed that the issue of coverage is one for the court, State Farm Fire & Cas. Co. v. Licea, 685 So. 2d 1285, 1287 (Fla. 1996) ("'A challenge of *coverage* is exclusively a *judicial question* . . . .'" (emphasis in original) (quoting Midwest Mut. Ins. Co. v. Santiesteban, 287 So. 2d 665, 667 (Fla. 1974))); Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc., 34 So. 3d 791, 794 (Fla. 4th DCA 2010) ("Issues

---

[3] As a threshold issue, Garcia contends that People's Trust has failed to present a sufficient record for our review and that we should affirm on this basis alone.  Garcia, however, does not explain—nor can we discern—to what extent the trial court's determination was based upon findings of fact.  Under these circumstances, the trial court considered a pure legal question—whether the dispute over the cause of water damage to Garcia's property was a question of coverage or a question of the amount of loss—and the absence of a transcript of the March 14 hearing is not fatal to our review.  See Rollet v. de Bizemont, 159 So. 3d 351, 357 (Fla. 3d DCA 2015) (explaining that "[w]here the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review" and holding that "[a]s there were no disputed issues of fact for the trial court to resolve, and only legal argument to be presented at the hearing, our de novo review is unimpeded by the absence of the hearing transcript"); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So. 2d 344, 348 (Fla. 4th DCA 1992) ("The rule of Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), applies only where the trial court's decision turns on its resolution of contested facts.").

relating to coverage challenges are questions exclusively for the judiciary."), while the issue of the amount of loss is one for appraisers. As such,

> The division of responsibility between the appraisers and court is therefore clear. The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damaged, and ascertaining how much of the damage was caused by a covered peril . . . . [and] [t]he court decides whether the policy provides coverage for the peril which inflicted the damage, and for the particular property at issue; in other words, all coverage matters.

Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n, Inc., 125 So. 3d 846, 854 (Fla. 4th DCA 2013) (citations omitted); see also State Farm Fla. Ins. Co. v. Cardelles, 159 So. 3d 239, 241 (Fla. 3d DCA 2015) ("'A challenge to coverage is, as the Florida Supreme Court has confirmed, a matter for determination by a court; whereas, a challenge to the amount of a covered loss is for determination by an appraisal panel.'" (quoting Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc., 54 So. 3d 578, 581 (Fla. 3d DCA 2011))).

The issue of causation, however, may be either one of coverage for the court or one of the amount of loss for the appraisers. In Johnson v. Nationwide Mutual Insurance Co., 828 So. 2d 1021 (Fla. 2002), the Florida Supreme Court held that where an insurer has not wholly denied coverage, causation is an amount of loss issue for appraisal. In Johnson, the Supreme Court resolved the conflict between this Court's decision in Gonzalez v. State Farm Fire & Insurance Co., 805 So. 2d

7

814 (Fla. 3d DCA 2000), and the Second District's decision in <u>Nationwide Mutual Insurance Co. v. Johnson</u>, 774 So. 2d 779 (Fla. 2d DCA 2000).

In <u>Gonzalez</u>, the homeowners claimed that cracks in the walls and tiles of their home were caused by blasting, for which the relevant insurance policy provided coverage. 828 So. 2d at 1023. Their insurer, State Farm, denied coverage, asserting that the cracks were caused by settlement of the foundation, which fell within a policy exclusion. <u>Id.</u> The trial court ruled that the "'[a]ppraiser[s] should give an opinion as to causation and damages.'" <u>Id.</u> at 1024 (quoting <u>Gonzalez</u>, 805 So. 2d at 815). This Court reversed, concluding "that the appraisers impermissibly decided whether the entire claim was within the coverage of the insurance policy." 805 So. 2d at 815. In reaching its conclusion, this Court reasoned that "[s]ince State Farm's position is that this entire loss falls within a policy exclusion, this defense is a judicial question and not a question for the appraisers." 805 So. 2d at 816.

In <u>Nationwide Mutual</u>, the Johnsons reported damage to their home to their insurer, Nationwide, contending that the loss was caused by a sinkhole, a covered peril. <u>Johnson</u>, 828 So. 2d at 1023. Nationwide determined that the loss was caused by earth movement, which was not a covered cause of loss. <u>Id.</u> The trial court concluded that it would determine the issue of whether there was a covered loss and then have the appraisal panel determine the amount of the loss. The Second District

8

reversed, holding that "'causation is an amount of loss issue for the appraisal panel.'"

Id. (quoting Nationwide Mut., 774 So. 2d at 781).

In resolving the conflict between Gonzalez and Nationwide Insurance, the Supreme Court adopted the analysis in Gonzalez:

> Very simply, the Licea court was saying that when the insurer admits that there **is** a covered loss, but there is a disagreement on the **amount** of loss, it is for the appraisers to arrive at the amount to be paid. In that circumstance, the appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. In doing so, they are to exclude payment for "a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes."

828 So. 2d at 1025 (emphasis in original) (citations omitted) (quoting Gonzalez, 805 So. 2d at 816). The Supreme Court further explained:

> Therefore, the issue in Johnson and Gonzalez was not appraising the amount of a loss which the insurer admitted was covered. Rather, the issue was one of whether the policies covered the losses for the claims that were made. [T]hese coverage issues were to be judicially determined by the court and were not subject to a determination by appraisers. Therefore, in Johnson, the determination as to whether the loss was covered by a sinkhole or earth movement is an issue of coverage for the whole loss and is an issue for judicial determination by a court.

Id. at 1025-26. The Supreme Court quashed Johnson and approved Gonzalez, holding that "causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal

9

panel when an insurer admits that there is covered loss, the amount of which is disputed." Id. at 1022.

This Court has applied the rule set forth in Johnson where the insurer acknowledges coverage for the loss as whole yet the parties dispute causation for part of the damage. In Kendall Lakes Townhomes Developers, Inc. v. Agricultural Excess and Surplus Lines Insurance Co., 916 So. 2d 12 (Fla. 3d DCA 2005), the insured was the owner of a townhouse complex insured under a windstorm policy issued by the insurer. Id. at 13. The insured filed a claim with the insurer, alleging that as a result of Hurricane Irene, several units "sustained interior damage due to water seepage," and that tiles were blown off the roof and cracked or loosened. Id. After an inspection, the insurer determined that the interior damage was not covered by the policy because there was no break in the covered structure, and that with regard to the tiles that had blown off the roof, although they were covered under the policy, the cost to replace them was less than the policy's deductible. As a result, the insurer denied the claim. Id. at 14. "The parties . . . [therefore] disagreed as to whether windstorm caused all of the claimed damage or just part of it . . . ." Id.

The insured then demanded appraisal. The insured's appraiser estimated a covered loss of $716,000 while the insurer's appraiser estimated damage in an amount of less than $1,000, below the policy's deductible. Id. The trial court confirmed the umpire's report, which included determinations as to causation. Id.

10

On appeal, the insured argued, among other things, that pursuant to <u>Johnson</u>, 828 So. 2d at 1021, "causation of the damage is a coverage issue reserved for the trial court, not the appraisal panel." <u>Id.</u> at 15.

This Court disagreed, reasoning that:

> In the case at hand, the insurance carrier agrees that there is a covered loss, but disagrees as to the amount of loss. Therefore, based on <u>Johnson</u>, although there is a large discrepancy between the insured's and insurance carrier's estimate of the loss, because the insurer has not wholly denied that there is a covered loss, causation is "an amount-of-loss question for the appraisal panel," not a coverage question that can only be decided by the trial court. Accordingly, we agree with the insurance carrier that pursuant to <u>Johnson</u>, it is permissible for an appraisal panel to decide causation issues when causation is not a coverage question, but rather an amount-of-loss question.

<u>Id.</u> at 16.[4]

Similarly here, People's Trust admits that there is coverage for water damage to Garcia's property as a result of a roof leak. The damage to the property include both damage to the interior of the property and damage to the roofing system. Whether the damage to the roofing system was caused by wear and tear and deterioration, general mechanical breakdown or latent defect, and/or faulty, inadequate or defective maintenance of the roofing system, all of which People's Trust claims are excluded causes under the policy, is an amount of loss question for

---

[4] The Court ultimately reversed the final judgment confirming the award because the umpire exceeded the authority granted to it by the trial court. 916 So. 2d at 16.

11

the appraisers. As in <u>Kendall Lakes</u>, People's Trust has not wholly denied coverage, and thus "causation is 'an amount-of-loss question for the appraisal panel,' not a coverage question that can only be decided by the trial court." 916 So. 2d at 16.

In response, Garcia argues that because she suffered two losses—the original loss when the roof was damaged and a subsequent ensuing loss consisting of water damage to the interior of her home[5]—the rule set forth in <u>Johnson</u> and <u>Gonzalez</u> does not apply here. Specifically, Garcia argues that the rule that "causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed," <u>Johnson</u>, 828 So. 2d at 1022, does not apply where there are multiple separate losses and the insurer acknowledges coverage for only one. We are not convinced by Garcia's argument for two reasons.

First, Garcia's argument that she suffered two losses relies upon a discussion of "ensuing loss" set forth in three cases. <u>See</u> <u>Swire Pac. Holdings, Inc. v. Zurich Ins. Co.</u>, 845 So. 2d 161, 167 (Fla. 2003) ("[A]n ensuing loss is one that occurs subsequent to the excluded loss; if original loss was also considered an ensuing loss, the exception would swallow the exclusion." (citing <u>Vt. Elec. Power Co. v. Hartford Steam Boiler Inspection & Ins. Co.</u>, 72 F. Supp. 2d 441, 445 (D. Vt. 1999)); <u>Liberty</u>

---

[5] People's Trust states in its December 30 letter that the damage to the interior of Garcia's property is covered as "resulting ensuing damage[]."

Mut. Fire Ins. Co. v. Martinez, 157 So. 3d 486, 488 (Fla. 5th DCA 2015) ("An ensuing loss is a loss that occurs separate from but as a result of an excluded loss."); Peek v. Am. Integrity Ins. Co. of Fla., 181 So. 3d 508, 512 (Fla. 2d DCA 2015) ("An ensuing loss follows as a consequence of an excluded loss, and the crux of the ensuing loss provision is that there must be a covered cause of loss that ensues from the excluded cause of loss."). Notably, none of these cases are factually analogous to the case at hand. Each addressed whether an ensuing loss exception to a policy exclusion applied, see Swire Pac. Holdings, 845 So. 2d at 161 (holding that insured's expenses in effectuating repairs were not excepted from design defect policy exclusion as an ensuing loss); Martinez, 157 So. 3d at 486 (holding that damage to insured's pool deck, rock garden, and waterfall was not an ensuing loss); Peek, 181 So. 3d at 508 (holding that where Chinese drywall was an excluded peril, sulfuric gasses emanating from the drywall that caused odor and corrosion represented a "single discrete loss from a single discrete injury" and thus were not ensuing losses), and none considered an "ensuing loss" within the context of an appraisal provision.

Second, the Fourth District has held that the issue of causation is to be determined by appraisal in a factually analogous scenario where the insurer agreed to repair ensuing damages to the interior of a home. In People's Trust Insurance Co. v. Tracey, 251 So. 3d 931 (Fla. 4th DCA 2018), the insureds filed a claim with their insurer for damage caused by wind from a tornado, specifically, damage to the roof

13

and interior of their home. Id. at 932. In a letter virtually identical to the one in the instant case, the insurer admitted that "there is generally coverage for your loss as a whole," however, stated:

> in our opinion, the scope of covered damages would not include your roofing system because those damages were caused by uncovered or excluded causes, but would provide coverage for resulting ensuing damages to the interior of your home. Therefore, we believe our obligation is to repair only those damages to the interior of the home. If you are not in agreement with that assessment, the question of whether the scope of repairs should include the roof, can be resolved in appraisal . . . .

Id. at 932. The insureds did not agree with the insurer's conclusion and submitted a proof of loss. The insurer then "demanded an appraisal to determine whether the roof damage was caused by wind (a covered cause) or wear and tear (an uncovered cause)." Id. After the insureds filed suit, the insurer moved to compel appraisal. The trial court determined that the matter could not be submitted to appraisal "because the insurer made a 'predetermination' that the roof was not covered." Id.

Relying on Johnson and Kendall Lakes, the Fourth District found that because "the insurer admitted coverage for the interior damage, but declined to repair the roof[,] . . . the insurer did not 'wholly deny' coverage," and reversed and remanded for the trial court to compel an appraisal. Id. at 933-34. In reaching its conclusion, the court noted that "[t]here is only one claim, and it includes both the roof and the

14

interior of the same home." <u>Id.</u> at 933. We find our sister court's analysis in <u>Tracey</u> persuasive and likewise conclude the issue is one for the appraisal process.

IV.    <u>CONCLUSION</u>

Because People's Trust has not wholly denied coverage, causation is an amount-of-loss question for the appraisal panel, not a coverage question that can only be decided by a court. Accordingly, we conclude that the trial court erred in denying People's Trust's motion to compel appraisal and reverse and remand with directions to compel an appraisal.

Reversed and remanded with directions.