# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2388

_____

STATE FARM FLORIDA
INSURANCE COMPANY,

     Appellant,

     v.

REGINA SHEPPARD,

     Appellee.

_____


On appeal from the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.


April 29, 2019


PER CURIAM.

State Farm Florida Insurance Company appeals an interlocutory order denying its motion to compel appraisal. We have jurisdiction, *see* Fla. R. App. P. 9.130(a)(3)(C)(iv), and our review is de novo, *MKL Enters. LLC v. Am. Traditions Ins. Co.*, -- So. 3d --, 44 Fla. L. Weekly D659a, 2019 WL 1065401 (Fla. 1st DCA Mar. 7, 2019).

After Appellee Regina Sheppard suffered water damage in her home, she filed a claim with State Farm. State Farm agreed to pay for the water damage, but it refused to cover costs of repairing the leaky pipes that caused the damage. Sheppard then sued State Farm, and State Farm demanded an appraisal under the policy

terms. State Farm then moved to abate the litigation and compel appraisal. The trial court denied the motion.

On appeal, State Farm argues that because it acknowledges coverage for some portion of Sheppard's claim, appraisal is appropriate. Sheppard, on the other hand, argues that whether the pipes are covered is a coverage question for judicial resolution, not for appraisal.

Based on our recent decision in *MKL Enterprises*, we conclude that because State Farm acknowledged that some portion of the total loss is covered, the trial court should have granted the motion to compel appraisal. *See id.* (noting that by tendering partial payment, insurer "admitted coverage for some damage while declining to cover all repair costs [and therefore] did not 'wholly deny' coverage"); *see also Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002) (concluding that "causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed"); *People's Tr. Ins. Co. v. Tracey*, 251 So. 3d 931, 933 (Fla. 4th DCA 2018) (reversing and remanding for trial court to compel appraisal where "the insurer admitted coverage for the interior damage, but declined to repair the roof").

REVERSED and REMANDED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Scot E. Samis and Christopher Shand of Traub Lieberman Straus & Shrewsberry, LLP, St. Petersburg, for Appellant.

Mark A. Nation and Paul W. Pritchard of The Nation Law Firm, Longwood, for Appellee.