# Third District Court of Appeal

## State of Florida

Opinion filed March 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1271
Lower Tribunal No. 19-26882

_____

## Thomas and Yvonne Barbato,
Appellants,

vs.

## State Farm Florida Insurance Company,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Knecht Law Group and Michael C. Knecht (Jupiter); Crabtree & Auslander, LLC and Charles M. Auslander, John G. Crabtree and Brian C. Tackenberg, for appellants.

Methe & Rothell, P.A., and Kristi Bergemann Rothell (West Palm Beach), for appellee.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

PER CURIAM.

Thomas and Yvonne Barbato (the "insureds") appeal from the trial court's order granting a motion to compel appraisal filed by State Farm Florida Insurance Company (the "insurer"). For the following reasons, we affirm.

Ordinarily, we review a trial court's order compelling appraisal de novo as to the application of the law to the facts, and review factual findings for competent, substantial evidence. People's Tr. Ins. Co. v. Garcia, 263 So. 3d 231, 233 (Fla. 3d DCA 2019). However, we reiterate that "we have left it to the trial court's discretion to decide 'the order in which the issues of damages and coverage are to be determined by arbitration and the court.'" Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc., 54 So. 3d 578, 581 (Fla. 3d DCA 2011) (quoting Sunshine State Ins. Co. v. Rawlins, 34 So. 3d 753, 754 (Fla. 3d DCA 2010)).

Contrary to the insureds' assertions, our review of the record does not reveal that the trial court erred, as a matter of law, in concluding that the insurer only partially denied the sole claim of loss reported to it, or that an appraisable issue existed as to the denied portions of the claim. Compare Garcia, 263 So. 3d at 234 ("[W]here an insurer has not wholly denied coverage, causation is an amount of loss issue for appraisal."), and People's Tr. Ins. Co. v. Ortega, 306 So. 3d 280, 285 (Fla. 3d DCA 2020) ("For there

2

to be a disagreement, the insurance company must be put on notice that the insured's damages estimate is different from the insurer's estimate and scope of repairs."), with People's Tr. Ins. Co. v. Tracey, 251 So. 3d 931, 933 (Fla. 4th DCA 2018) (reversing denial of appraisal, where insurer did not "wholly deny" coverage, since "[t]here is only one claim" and the loss "is unlike cases which involved separate buildings or separate claims").[1]

Neither can it be said that, in this case, no reasonable judge would have required appraisal to take place before a coverage determination was made. The mere delay of a coverage determination caused by an order granting a motion to compel appraisal is not, without more, a basis to deny said motion. Cf. Rawlins, 34 So. 3d at 755 ("The trial court did not abuse its discretion in allowing the appraisal to go forward on a dual track basis, while preserving all of Sunshine States' rights to contest coverage as a matter of law.").

Affirmed.

---

[1] We express no view on the issue of what is or is not covered under the policy, which the trial court has not reached. Although we find that neither Tracey nor its progeny violate section 627.70131(5)(a), Florida Statutes (2019), we decline to reach all other arguments concerning purported violations of the statute's policy goals, raised for the first time on appeal.