DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MERRICK PRESERVE CONDOMINIUM
ASSOCIATION, INC.,**
Appellant,

v.

**CYPRESS PROPERTY & CASUALTY
INSURANCE COMPANY,**
Appellee.

No. 4D20-1419

[March 31, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Lopane, Judge; L.T. Case No. 06-2019-CA-026022-AXXX-CE (03).

Alexander Brockmeyer of Boyle, Leonard & Anderson, P.A., Fort Myers, and Zorian Sperkacz of Zorian Sperkacz, P.A., Miami, for appellant.

Steven G. Schwartz of Schwartz Law Group, Boca Raton, for appellee.

MAY, J.

A condominium association appeals an order denying its petition to compel appraisal. It argues the trial court erred in denying its motion because the insurer did not "wholly deny" coverage for the association's damage claims. We agree and reverse.

The insurer issued a policy to cover twenty-four (24) structures operated by the condominium association under a commercial insurance policy. The policy covered twenty-one (21) residential buildings, a pool, a pool house, and a restroom building. All of them were insured for separate premiums with separate deductibles and coverage provisions.

The parties disagree about the nature of the policy. The association maintains it has an "all risks" policy, while the insurer categorizes the policy as a "named perils" policy. An "all risks" policy protects against all losses, except those explicitly excluded from the policy; a "named perils" policy only protects against perils explicitly named in the policy. *See*

*Fisher v. Certain Interested Underwriters at Lloyds Subscribing to Cont. No. 242/99*, 930 So. 2d 756, 758 (Fla. 4th DCA 2006).

Under an "all risks" policy, the insurer has the burden to prove the damage is excluded from coverage. *Kokhan v. Auto Club Ins. Co.*, 297 So. 3d 570, 572 (Fla. 4th DCA 2020). Under a "named perils" policy, the insured has the burden to prove the damage was caused by a named peril within the applicable policy period. *Citizens Prop. Ins. Corp. v. Kings Creek S. Condo, Inc.*, 300 So. 3d 763, 766 (Fla. 3d DCA 2020).

We treat the policy as an "all risks" policy because the policy provides:

A. Covered Causes Of Loss

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

1. Excluded in Section B., Exclusions; or

2. Limited in Section C., Limitations[.]

Accordingly, the insurer has the burden to prove that the association's claimed damages are excluded from coverage.

In September 2017, Hurricane Irma caused damage to the association's property. The association submitted claims for damage to each of the residential buildings and the pool house. The association made roof damage claims for each of the residential buildings.

The insurer investigated the claims and determined that only the non-residential pool house structure had damage that exceeded the per building hurricane deductible. All but four residential buildings and the pool sustained damages covered by the policy; however, the repair estimates for each building were below the deductible amounts.

In January 2018, the insurer offered to pay just over $5,000 for the damage to the pool house. The insurer also sent a letter containing estimates of covered damage to the remaining structures. The letter informed the association the estimates did not meet the per building deductibles. The letter stated: "In the event that we cannot agree on the final settlement of your claim, your policy provides the right to invoke appraisal which must be done prior to bringing any lawsuit against us."

The policy's appraisal provision provides:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> 1. Pay its chosen appraiser; and
>
> 2. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

In May 2019, the association demanded an appraisal and submitted estimates prepared by its own adjuster. The association's adjuster claimed each residential building needed a full roof replacement due to wind damage caused by Hurricane Irma.

The insurer procured another inspection from an engineering firm. The engineer determined that Hurricane Irma caused minimal damages to some roof tiles. Most of the roofs' damage was unrelated to the storm and was caused by excluded causes of loss including thermal expansion, lack of maintenance, and age-related wear and tear. The policy's cause of loss form states that the insurer will not pay for loss or damage caused by, among other things: wear and tear, deterioration, faulty design, repair work, or maintenance.

The insurer rejected the association's demand for appraisal. It informed the association that the roof damages were subject to policy exclusions, and the other damage was minor and did not meet the policy's deductibles.

The association sued to compel appraisal and sought declaratory relief as to the parties' rights and obligations under the policy. The insurer answered the appraisal count and moved to dismiss the declaratory judgment count. The trial court held a non-evidentiary hearing on the

3

appraisal issue after each party filed memoranda in support of their respective arguments.

At the hearing, the association pointed out that, even though the loss amount did not meet the policy deductibles, the insurer admitted there was some covered loss. The association argued that by admitting covered losses and offering payment for the damage to the pool house, the insurer had not "wholly denied" its claims. The association argued that appraisal was therefore appropriate to resolve the amount of loss dispute, including causation.

The insurer responded that it did not concede any roof damage was covered and maintained that the roof claims were denied. The insurer argued that if the issue was whether it should have paid to replace the association's roofs, it should be raised in a suit for non-payment and policy breach, rather than an action seeking an appraisal.

The trial court found appraisal was not proper to determine coverage issues for the declined roof claims. It issued a written order denying the association's petition to compel an appraisal. From that order, the association appeals.

The association argues the trial court erred in refusing to compel appraisal after the insurer acknowledged coverage for part of the association's claims. The insurer responds it denied coverage for the association's roof claims, and maintains an appraisal is not appropriate because there is a coverage dispute, not an amount of loss question to be resolved.

We review a trial court's factual findings for competent, substantial evidence, and have de novo review of its legal decisions. *Fla. Ins. Guar. Ass'n v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009).

Appraisal clauses provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits. *Fla. Ins. Guar. Ass'n v. Olympus Ass'n*, 34 So. 3d 791, 794 (Fla. 4th DCA 2010). "The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damaged, and ascertaining how much of the damage was caused by a covered peril as opposed to things such as 'normal wear and tear, dry rot, or various other designated, excluded causes.'" *Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n*, 125 So. 3d 846, 854 (Fla. 4th DCA 2013) (quoting *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002)). Conversely, the court decides whether the policy provides coverage for the peril. *Id.*

Our supreme court has held that "causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed." *Johnson*, 828 So. 2d at 1022.

The districts have not reached a consensus on whether the trial court must resolve coverage issues before compelling appraisal when the insurer denies coverage. *See generally Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n*, 306 So. 3d 1238, 1242 (Fla. 2d DCA 2020). The Second District recently joined the Third District in adopting the dual-track approach, which leaves the order in which the issues of damages and coverage are to be determined to the discretion of the trial court. *Id.*

We have held, however, that the trial court must resolve all underlying coverage disputes prior to ordering an appraisal where the insurer has "wholly denied" coverage because "a finding of liability necessarily precedes a determination of damages." *Citizens Prop. Ins. Corp. v. Demetrescu*, 137 So. 3d 500, 502 (Fla. 4th DCA 2014).

The association cites *Kendall Lakes Townhomes Developers, Inc. v. Agricultural Excess & Surplus Lines Insurance Co.*, 916 So. 2d 12 (Fla. 3d DCA 2005), to support its argument that the court should have compelled appraisal. There, the insured filed a claim after a hurricane caused interior and exterior damage to its property. *Id.* at 13. The insurer denied the claim because the covered damage fell below the policy's hurricane deductibles. *Id.* at 14. While the parties agreed the policy provided coverage for hurricane damage, the parties disagreed as to whether the hurricane caused all the claimed damage or just part of it and disagreed as to the cost to repair the claimed loss. *Id.*

On appeal from the trial court's order confirming the appraisal award, the Third District held that it is permissible for an appraisal panel to decide causation issues when causation is not a coverage question, but rather an amount-of-loss question. *Id.* at 16.

In *Underwriters at Lloyd's, London v. Sorgenfrei*, 278 So. 3d 930 (Fla. 5th DCA 2019), the Fifth District reached a similar conclusion. It held the trial court erred in refusing to compel appraisal because the insurer did not "wholly deny" coverage. *Id.* at 931.

> Here, the [insured] filed a single claim under the policy, and the Insurer agreed that a portion of the claim was covered—

5

while also asserting that the amount of loss did not exceed the deductible and that the balance of the claimed loss constituted pre-existing damage. As such, the Insurer did not "wholly deny" coverage.

*Id.* (quotation marks added).

Accordingly, where the insurer has not "wholly denied" coverage, but the parties dispute whether the claimed damage resulted from a covered or uncovered cause, appraisal is appropriate to determine causation. Here, however, the insurer maintains it can contest one element of coverage while confirming coverage as to other aspects of the claim without being forced into an appraisal.

In *People's Trust Insurance Co. v. Tracey*, 251 So. 3d 931 (Fla. 4th DCA 2018), we held that an insurer was entitled to an appraisal because the insurer did not "wholly deny" coverage when it admitted coverage for part of the insured's claim, but declined to repair the insured's roof. *Id.* at 933. The insurer successfully argued an appraisal was proper to determine whether the roof damage was caused by a covered cause or an uncovered cause. *Id.*

Here, with the exception of four residential buildings and the pool, almost every building sustained both covered damages and uncovered damages. So even though each building is covered by what is effectively a separate policy, the individual claims for each building are similar to the claims in *Kendall Lakes* and *Sorgenfrei*, which were subject to appraisal because the insurer did not "wholly deny" the claims but disputed the cause of damage.

Even though we have held appraisal is premature where there is a disputed issue of fact regarding coverage, the insurer here did not "wholly deny" coverage. Most of the association's buildings sustained damage. According to the insurer, some of those damages are not covered. Under these circumstances, an appraisal is appropriate to determine the amount of loss to each building, and particularly whether the roof damages were caused by the hurricane or by uncovered causes.

*Reversed and Remanded.*

GERBER and FORST, JJ., concur.

\*            \*            \*

6

*Not final until disposition of timely filed motion for rehearing.*