# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-356
Lower Tribunal No. 20-6505
_____

**State Farm Florida Insurance Company,**
Appellant,

vs.

**Vernon Shotwell,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Law Offices of Ubaldo J. Perez, Jr., P.A., and Ubaldo J. Perez, Jr.; Russo Appellate Firm, P.A., Elizabeth K. Russo and Paulo R. Lima, for appellant.

Quintana Law, P.A., and Brittany Quintana Marti; Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellee.

Before FERNANDEZ, C.J., and LOGUE, and BOKOR, JJ.

FERNANDEZ, C.J.

State Farm Florida Insurance Company appeals the trial court's order compelling State Farm to pay Vernon Shotwell, the insured, the full appraisal award. Upon our review of the record, we affirm in part and reverse in part.

I.    Background

Shotwell purchased an "all-risk" home insurance policy from State Farm. During the policy period on or about December 22, 2019, Shotwell's master bathroom toilet overflowed causing significant water damage to the master bath and bedroom area and adjoining areas of the house. State Farm acknowledged coverage of a certain amount of water damage, offered mitigation services, and issued payment to Shotwell in the amount of $888.72, after subtracting depreciation and the deductible.

Shotwell hired a public adjuster to assess the property damage, who worked with All 4 One Plumbing & Construction to determine the underlying cause of the toilet overflow. The plumbing report concluded that the overflow was due to a blockage in a sagging and corroded pipe located under the kitchen cabinets that serviced the master bathroom. To access the pipe, the kitchen cabinets and the slab would have to be torn out and replaced. The public adjuster also provided a list of additional damages not covered in

2

State Farm's estimate. An estimate was prepared by Intellaclaim for the amount of $138,202.21.

On February 22, 2020, State Farm sent a second letter adjusting the estimate and issued a second payment for $1,406.34. The letter advised that while water damage from the overflow was covered, the repairs to the drain line set forth in All 4 One Plumbing & Construction's report were not covered, citing to relevant policy provisions. On February 25, 2020, State Farm sent a third letter issuing payment to Shotwell for the video diagnostic of the drain line.

Shotwell filed a breach of contract action claiming that State Farm failed to indemnify him for all losses, and the estimate was insufficient to fund all necessary repairs. In response, State Farm filed a motion to compel appraisal and to dismiss or stay the action, pursuant to the policy. The trial court granted the motion and ordered dismissal based on the parties' agreement to proceed with appraisal. The trial court appointed an umpire to oversee the appraisal process.

On September 25, 2020, the appraiser and umpire entered a line item appraisal for the total amount of $138,912.08. State Farm paid only a portion of the appraisal amount, citing to the Tear Out provision under Additional Coverages and the Additional Living Expense (ALE) provision under

3

Property Coverages. Shotwell moved to compel payment for the full amount of the appraisal award, for interest, and for sanctions.

After a hearing on the motion, the trial court entered an order granting Shotwell's motion to compel payment for the full amount of the appraisal award, providing "coverage for damages due to the toilet overflow." This appeal followed.

II.    Analysis

This Court has affirmed the separate and distinct roles of appraisers and of the judiciary in insurance disputes:

> The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damaged, and ascertaining how much of the damage was caused by a covered peril ... [and] [t]he court decides whether the policy provides coverage for the peril which inflicted the damage, and for the particular property at issue[.]

People's Tr. Ins. Co. v. Garcia, 263 So. 3d 231, 234 (Fla. 3d DCA 2019) (quoting Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n, Inc., 125 So.3d 846, 854 (Fla. 4th DCA 2013)). "[I]ssues pertaining to insurance coverage present questions of law subject to de novo review." Herrera v. C.A. Seguros Catatumbo, 844 So. 2d 664, 665 (Fla. 3d DCA 2003).

The issues before this Court are: 1) whether the Tear Out provision covers tearing out and replacing the building structure needed to access the pipe, 2) whether the Tear Out provision covers repairing and replacing the

4

pipe, and 3) whether the ALE provision provides coverage and when payment is to be issued.

1. The Building Structure

Upon reading the plain language of the policy, we hold that the Tear Out provision does not cover the cost of tearing out and replacing the kitchen cabinets and slab.

Under Section I – Losses Insured, Coverage A – Dwelling, the policy states that certain losses will be covered "unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or **otherwise excluded or limited in this policy**." (Emphasis added). Under Section I, Additional Coverages, the Tear Out provision provides additional coverage for tear out of the building structure but narrowly limits the terms of that coverage. The Tear Out provision provides:

> 14. Tear Out. If a loss insured to Coverage A property is caused by water, steam, or sewage escaping from a system or appliance we will also pay the reasonable cost you incur to tear out and replace **only that particular part** of the building structure **necessary** to gain access to the **specific point** of that system or appliance **from which the water, steam or sewage escaped**. We will not pay for the cost of repairing or replacing the system or appliance itself. This coverage does not increase the limit applying to Coverage A property.

(Emphasis added). The plain language of this provision is very narrow: "only that particular part," "necessary," "the specific point," "from which the water,

5

steam or sewage escaped." As the order on appeal provides, "[T]here was coverage for damages **due to the toilet overflow**," versus due to a pipe rupture. (Emphasis added). The specific point from which the water/sewage escaped is from the toilet. Even if we consider the pipe itself, the specific point in which the water/sewage escaped from the pipe is at the end of the pipe into the toilet. The water did not escape from the corroded pipe under the kitchen cabinets. Because the language is so specific, we find it was error for the trial court to determine that the Tear Out provision encompassed coverage of tearing out and replacing the kitchen cabinets and slab to access the pipe.

2. The Corroded Pipe

The Tear Out provision unequivocally states, "We will not pay for the cost of repairing or replacing the system or appliance itself." Additionally, the policy specifically excludes coverage for "[d]amage caused by wear/tear, decay, corrosion, rust, deterioration and inadequate maintenance," taken from Section I – Losses Not Insured 1(g)-(h) and 3(a)-(c). Therefore, the trial court erred in determining that the policy covered the cost of repairing and replacing the corroded pipe.

3. The ALE Awards

6

The ALE provision applies to two appraisal awards. The first ALE award pertains to the duration of time it took to the tear out and replace the building structure and the corroded pipe. Because neither the pipe itself nor the tear out of the building structure are covered under the policy, this ALE award is also not covered by the policy. Therefore, the trial court erred in determining that the first ALE award is covered by the policy.

The second ALE award pertaining to the duration of time it took to repair the water damaged areas caused by the toilet overflow was rightly awarded. State Farm contends that it is not required to pay for ALE in this instance until it is "incurred." The ALE provision, under Section I – Property Coverages, Coverage C – Loss of Use, is provided as follows:

> Additional Living Expense. When a loss caused by a peril described in Section I – LOSSES INSURED causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost **incurred** by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: The time required to repair or replace the premises; The time required for your household to settle elsewhere; or 24 months. This period of time is not limited by the expiration of this policy.

(Emphasis added). Though the provision does state "incurred," the provision is without a requirement that the insured submit receipts or any other documentation verifying the cost incurred. Additionally, requiring the trial court to examine extrinsic evidence when the amount of the ALE award has

7

already been determined by appraisal is problematic. State Farm essentially argues that the policy requires receipts but concedes that the amounts on those receipts do not matter. Because this demand goes beyond the plain language of the provision, the trial court correctly determined that the second ALE award is covered by the policy and immediately payable.

III.    Conclusion

For the reasons stated, we reverse and remand the order on appeal only as to: 1) payment for tearing out and replacing the building structure, 2) payment for repairing and replacing the corroded pipe, and 3) payment of the related ALE amount. We affirm as to all other issues pertaining to the order on appeal.

Affirmed in part; reversed in part.